Samuel M. Gold, J.
The defendants, Levy, move for dismissal of the complaint pursuant to rule 106 of the Rules of Civil Practice for legal insufficiency and pursuant to rule 107 upon the ground that each of the causes therein stated is barred by the applicable Statute of Limitations. The application pursuant to rule 106 has been withdrawn without prejudice.
The deceased died in January, 1948. The defendants, attorneys, represented the plaintiffs and the estate. The deceased had been the owner of 50% of the oustanding capital stock of a corporation.
It is alleged in the first cause of action that in July, 1951, the corporation redeemed from the owners thereof the remaining outstanding capital stock and paid therefor the sum of $268,-887.01. Thereby the estate became the owner of all of the outstanding capital stock of the corporation. On October 1, 1952, the defendant, Travis S. Levy, acquired 25% of the shares of the capital stock of the corporation issued in the name of his wife, the codefendant, at a price alleged to be grossly inadequate and which was $64,318.50 below the price paid by the estate for such interest. In this transaction it is alleged the defendant, Travis S. Levy, acted as the attorney on behalf of all of the parties. By virtue thereof, the defendant obtained financial gain at the expense and to the detriment of the plaintiffs and the estate, and breached his fiduciary obligation. Plaintiffs request that the sale be adjudged fraudulent and void, that retransfer be directed, and that the defendants be directed to account. In such an action charging self-dealing and breach of fiduciary by a person in the position of a trustee, the 10-year Statute of Limitations is applicable. Since the action was commenced on February 4, 1959, and the transaction occurred in 1952, maintenance of the first cause is not barred.
The second cause of action relates to a similar transaction occurring in October, 1952, of a sale of a 25% interest in the *527 corporation to an aunt of the defendant, Travis S. Levy, at a price which was grossly inadequate, being $56,657 below the price paid for such interest by the estate. It is then alleged that, by virtue of such conduct there was a resulting gain to the defendant, Travis S. Levy and to his aunt at the expense of and to the detriment of the plaintiffs and the estate. The allegation of financial gain to the defendant is wholly conclusory since, as alleged, the sale alleged to have been made in breach of fiduciary obligation was made to one person. For the breach of fiduciary obligation, or the negligence in the performance of duty, or for the injury to the estate, the three-year statute is applicable. The second cause of action is at law and it seeks the recovery of the sum of money only.
The third cause of action relates to the transactions, the subjects of the first and second causes. It is therein alleged that the defendants were guilty of fraudulent inducement. While the alleged fraud thus occurred in October, 1952, more than six years before the commencement of the suit, it is alleged that plaintiffs learned of the fraud in December, 1958. For the purpose of this application the allegation must be deemed to be true. Defendants urge that the allegations relating to the respective prices paid on the redemption by the corporation of 50% of the outstanding stock and on the two purchases of capital stock made from the plaintiffs constitute allegations of fact sufficient to have placed the plaintiffs on notice with respect to the claimed fraud. Whether this is so is a fact issue which should be left to the jury.
In the fourth cause it is alleged that the defendant, Travis S. Levy, borrowed the sum of $27,000 from the estate on April 3, 1953, that such loan was noninterest bearing, was for the personal use of the defendant, Levy, and his wife, the codefendant, that such loan was fully repaid on April 25,1957, without the payment of any interest thereon. With respect to this action too, therefore, the defendants are in the position of a trustee charged with self-dealing in violation of their fiduciary duties. Accordingly, the 10-year statute is applicable and the maintenance of the cause is not barred.
In the fifth cause it is alleged that the estate maintained an office for the administration of the affairs of the estate, at which the defendant, Travis S. Levy, was a tenant between August, 1948, and September, 1954, and used and occupied a portion of said premises with the consent and permission of the plaintiffs as his law office and utilized the services of the secretary employed by the estate and all other facilities of the office with *528 out payment' whatever therefor. This additional self-dealing renders the cause applicable to the 10-year Statute of Limitations and its maintenance is not barred.
It is alleged in the sixth cause of action that in November, 1952, the corporation adopted a plan of liquidation to avail itself of the benefits of section 112 (subd. [b], par. [7]) of the Internal Revenue Code of 1939, that the defendant, Levy, was obliged to file within 30 days from the adoption of such plan certain forms with the Internal Revenue Service in order to qualify for the desired benefits and the defendant negligently, carelessly and unskillfully failed to make such filing until 18 days after the expiration of the statutory period. As a result of such negligence the estate was injured. To this cause of action concededly the three-year statute is applicable. Since negligent failure of performance of duty occurred in 1952, maintenance of this cause is barred.
In the seventh cause of action it is alleged that, upon qualifying as administrators c. t. a. of the estate, the plaintiffs were required to and did furnish bond in the sum of $547,000 which, by order made in the month of March, 1951, was reduced to the sum of $370,000. It is alleged that bond in the sum of $370,-000 was and has been excessive and by order made in the Surrogate’s Court, dated August 14, 1958, the bond was reduced to the sum of $90,000. Consequently, as alleged, for the period from March 8, 1951, to the date on which the services of the defendants were terminated in July, 1957, the defendants were careless in the performance of their duty. To the extent that any loss and damage were incurred during the period more than three years before the commencement of the action, maintenance of the cause is barred and that portion of the seventh cause of action is dismissed.'
The motion is granted dismissing the second and sixth causes of action as barred by the applicable Statute of Limitations, as well as that portion of the seventh cause of action, which covers a period more than three years prior to the commencement of suit.