Samuel M. Gold, J.
The defendants, Kozinn and Horstmahn, move for dismissal of the complaint pursuant to rule 106 of the Buies of Civil Practice for legal insufficiency and pursuant to rule 107 upon the ground that each cause of action is barred by the applicable Statute of Limitations. The application pursuant to rule 106 has been withdrawn without prejudice.
The claims set forth in each of the causes of action are referred to at length in the disposition of the motion of the codefendants published simultaneously herewith. [17 Misc 2d 525.]
In the first cause of action it is alleged in paragraph 9 that the moving defendants, who were coattorneys with the codefendants for the plaintiffs and the estate, knew or should have known of the facts and circumstances underlying the several sales of the capital stock of the corporation. Nevertheless, no self-dealing or personal benefit is charged to these moving defendants or any direct participation in the transactions. They are charged merely with negligence and for that reason the three-year Statute of Limitations is applicable to them. Maintenance of the first cause of action is accordingly barred.
The same is true with respect to the second cause of action.
The third cause of action, which again relates to the transactions, subjects of the first and second causes, is based upon fraudulent inducement and all of the defendants are charged with such fraud. Since it is alleged that the plaintiffs learned of such fraud in December, 1958, maintenance of the third cause is not barred.
The fourth cause, relating to the loan made by the estate to the codefendant, Levy, charges that the moving defendants know or should have known of the facts and circumstances of said loans. Since the wrong here was committed in April, 1953, and the moving defendants. are charged only with negligence with respect to the performance of their duty, the three-year statute is applicable and the maintenance of the cause is barred.
*530 The fifth cause relates to the use by the codefendant, Levy, of a part of the office maintained by the estate. Again it is charged in the fifth cause that the moving defendants knew or should have known the facts and circumstances and, for the same reasons as already indicated, maintenance of the fifth cause is barred as against them.
The sixth cause charges a failure to perform a duty in December, 1952. It is barred against the codefendant and is likewise barred as against the moving defendants.
The seventh cause also charges failure to perform, or the negligent performance of duty, between March 8,1951, and July, 1957. To the extent that any injury or damage occurred, more than three years before commencement of suit, maintenance of the action is barred.
The motion is granted dismissing as to the moving defendants the first, second, fourth, fifth and sixth causes and that portion of the seventh, which covers a period more than three years before commencement of the action.