Vincent A. Lupiano, J.
The defendants Kemmerer and Peters, former directors of the plaintiff corporation, move pursuant to rule 107 of the Buies of Civil Practice for an order dismissing the first cause of action of the second amended complaint upon the ground that maintenance of the first cause is time-barred. The question is whether the three or six-year statute is applicable and it is conceded that this action was commenced more than three years after the event.
In the first cause, it is charged that the moving defendants purchased stock of the plaintiff corporation from a selling stockholder and thereby breached their fiduciary duty in seizing the corporate opportunity to make such purchase. Improper diversion of corporate business or opportunity amounts to waste. (Augstein v. Levey, 3 A D 2d 592, affd. 4 N Y 2d 791; Singer v. Carlisle, 26 N. Y. S. 2d 172, affd. 261 App. Div. 897; Gottfried v. Gottfried, 269 App. Div. 413.)
There is no allegation that money or its equivalent, belonging to the corporation, was taken by the defendants and put to their use. These defendants paid for the stock they purchased and any alleged breach of fiduciary duty resulted in waste or injury to property.
An action to recover damages “ for an injury to property ” must be commenced within three years. This limitation of action is made in subdivision 7 of section 49 of the Civil Practice *348 Act. “ An injury to property,” mentioned in section 25-b of the General Construction Law is defined as an actionable act “whereby the estate of another is lessened”. The situation at issue here fits within the context of these sections.
Accordingly, the three-year statute is applicable and the first cause of action is time-barred. The motion is granted.