Vincent A. Lupiano, J.
Each of the defendants moves by separate motion for an order pursuant to rule 3211 (subd. [a], par. 5) of the Civil Practice Law and Buies dismissing the complaint upon the ground that maintenance of the action is barred by limitation and prior adjudication. The instant action was commenced on October 8,1963. The libel, subject of this action, *1004 was also the subject of a prior action which was terminated by dismissal. The publication occurred in December, 1959: The first action was commenced on September 27, 1960. Therein, before answer, a motion was made for relief pursuant to former rule 115 of the Rules of Civil Practice which was granted by order of March 6, 1961. Upon a claim of noncompliance, a further application was made for an order of dismissal or direction of compliance. By order of May 24, 1961, the complaint was ordered dismissed unless there was compliance. There was purported compliance but again motion was made for dismissal and by order of July 10, 1961 the complaint was dismissed. Notice of appeal from the last order was served August 9, 1961. That was the last paper served. By order of October 9, 1962 the appeal was dismissed.
The question presented is whether maintenance of the second action was time-barred at the time the Civil Practice Law and Rules became effective on September 1, 1963 (CPLR 218) and whether the second action was thus time-barred by reason of failure to prosecute. An action is terminated at “ that point of time in the litigation when the plaintiff has exhausted his rights with respect thereto ”. (Brumel v. Hartford Fire Ins. Co., 158 Misc. 311, 316.)
By the order of July 10,1961 there was dismissal and termination by reason of failure to prosecute. Plaintiff pursued further remedy by appeal in an endeavor to hold the action alive. Such appeal would have resulted in a determination of affirmance or reversal thus effecting either dismissal or revival. It cannot be argued that there was exhaustion of remedy when, in fact, the vehicle therefor was dismissed, again for failure to prosecute. Thereby the status of the prior dismissal was effectually reinstated, and there was but one dismissal, i.e., the order of July 10, 1961. If, as plaintiff insists, the appeal was a remedy pursued, its efficacy can be naught but dismissal and such dismissal was for failure to prosecute. (See former Civ. Prac. Act, § 23, and present CPLR 205.) The motions are granted.