James J. Crisona, J.
Defendant moves under CPLB 3211 to dismiss plaintiff’s cause of action for legal insufficiency and on the grounds that it may not be maintained because of res judicata and the Statute of Limitations.
Plaintiff raises objections to the manner in which the motion was made. These objections are now academic since the court granted plaintiff time to submit additional papers on the merits.
Defendant, in the first two branches of his motion, contends that the instant complaint adds nothing to the three complaints in a prior action between the parties, all of which were dismissed by this court for legal insufficiency. On the last dismissal the court denied leave to replead on the ground that plaintiff’s papers in opposition were insufficient under CPLR 3211 (subd. [e]). (See Dinerman v. Sutton, N. Y. L. J., April 9, 1964, p. 16, col. 6.)
In the remaining branch of the motion, defendant contends that the cause is governed by the three-year Statute of Limitations and that plaintiff has lost the benefit of CPLB 205 by failing to commence this action within six months after the final dismissal of the prior action. The court is of the opinion that defendant’s contentions as to the bar of the Statute of *792 Limitations are meritorious, rendering unnecessary a decision on the first two branches of the motion.
Plaintiff makes no claim that his cause of action to recover damages for breach of fiduciary obligation arose less than three years prior to the commencement of this action. Citing Geltman v. Levy (17 Misc 2d 525), he urges that the provision governing actions for which no limitation is specified applies. (CPLR 213, subd. 1 [6 years]; see CPLR 218, subd. [b]; cf. former Civ. Prac. Act, § 53 [10 years].)
Plaintiff errs. Geltman holds that an action in equity against a trustee has no specified time limitation. However, it also holds that an action for damages based upon a fiduciary obligation is governed by the three-year statute. Tobias v. Celler (37 N. Y. S. 2d 399, affd. 265 App. Div. 1065), which relies upon subdivision 7 of section 49 of the former Civil Practice Act (now CPLR 214, subd. 4), is additional authority for the latter proposition. (Cf. Sperry v. Saul, 14 Misc 2d 161,165.)
Despite the applicability of the three-year statute, had plaintiff commenced this action within six months after the termination of the prior action, the defense of the Statute of Limitations would be unavailing. (CPLR 205.) Concededly it was not commenced until six months and five days after the order of dismissal was made and six months and one day after said order was entered.
Plaintiff, without citation of any authority, contends that the six-month period begins on the date of service upon him of a copy of the order of dismissal which he submitted. This is not so. The prior action was terminated on the date the order was entered. (See Troiano v. Kinney Motors, 276 App. Div. 869.)
Defendant, citing Taylor v. Putnam’s Sons (41 Misc 2d 1003), argues that plaintiff’s cause is not saved by his appeal from the order of dismissal, since that appeal was dismissed eight months after the notice of appeal was filed. Plaintiff does not respond to this argument and, in the opinion of the court, defendant is correct. The grace period of CPLB 205 commences from the date of determination of an appeal on the merits. (Buchholz v. United States Fire Ins. Co., 269 App. Div. 49.) To apply this rule to a dismissed appeal would be" to permit a plaintiff to extend his own time to commence a new action in every case by merely filing a notice of appeal.
The motion to dismiss the cause of action is granted.
A further branch of defendant’s motion, i.e., for an order requiring plaintiff to serve a more definite statement of his cause of action (CPLB 3024, subd. a), is dismissed as moot.