S. William GREEN et al., Plaintiffs,

v.

SANTA FE INDUSTRIES et al., Defendants.

No. 74 Civ. 3915 (KTD).

United States District Court, S. D. New York.

June 7, 1979.

Leventritt, Lewittes & Bender, New York City, for plaintiffs; Sidney Bender, New York City, of counsel.

Rogers & Wells, New York City, for defendants; William R. Glendon, Guy C. Quinlan, John A. Karaczynski, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge:

This matter, which has had a long and well-publicized litigation history, see *Green v. Santa Fe Industries*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977), is now continuing as a diversity action for breach of fiduciary duty under Delaware law. It is plaintiffs' contention that a short-form merger of Kirby Lumber Co. [hereinafter referred to as "Kirby"] was accomplished without valid purpose and in order to freeze out the Kirby minority at an unreasonably low price. Plaintiffs seek to restore the minority shareholders of Kirby, or, alternatively to achieve a fair valuation of their shares and payment therefor. Presently pending in Delaware State Court is an appraisal proceeding brought by certain minority shareholders of Kirby, other than plaintiffs'. *Bell v. Kirby Lumber Corp.*, 395 A.2d 730 (Del.Ch.).

Plaintiffs have moved, pursuant to Fed.R. Civ.P. 23, for an order permitting the action to be maintained as a class action. They claim that the requirements of Rule 23(a) have been met because (i) the class is so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the class; (iii) the claims of plaintiffs are typical of the class and; (iv) the named plaintiffs have no interests which conflict with those of unnamed members. Plaintiffs seek to represent a class consisting of all minority shareholders with 17 or more Kirby shares at the time of the merger.[1]

Defendants do not dispute that plaintiffs have satisfied the numerosity requirement of Rule 23 or the requirement that there be common questions of law or fact. They contend, however, that the instant action is not appropriate for class action treatment and that the interest of plaintiffs are antagonistic to all or part of the class which they seek to represent.

A brief restatement of the relevant facts is helpful to an understanding of the issue at hand. In July, 1974, Santa Fe Natural Resources [hereinafter referred to as "Resources"], a wholly owned subsidiary of Santa Fe Industries [hereinafter referred to as "Santa Fe"] owned 95% of the stock of Kirby. Santa Fe decided to acquire 100% of Kirby by means of Delaware's short-form merger, § 253 Del.Corp.Law, which permits a parent corporation owning at least 90% of the stock of a subsidiary to merge with that entity upon approval by the parent's board of directors. Minority shareholders are to be bought out and any dissatisfied shareholder may petition the Delaware Court of Chancery for an appraisal to establish the fair value of his shares.

Pursuant to the Kirby merger, minority shareholders were offered $150 per share for their stock. They were also advised of the details of the transaction as well as their right to seek appraisal in the Delaware State Courts. Such an action was commenced and is presently on appeal to the Supreme Court of Delaware.

In 1974 the instant action was brought in this District alleging a violation of Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. § 240.10b–5. It was argued that the undervaluation of the stock and the absence of business purpose for the merger amounted to fraud within the meaning of those sections. The District Court did not adopt this theory and dismissed the complaint for failure to state a claim upon which relief could be granted. The Court of Appeals reversed the District Court but then was itself reversed when the Supreme Court held that

---

1. Plaintiffs arrive at this number in order to meet the diversity requirement that the amount in controversy exceed $10,000. Plaintiffs assert that the fair market value of the Kirby stock was $772 per share. When $150 (the freeze out offer) is subtracted therefrom, each share has an alleged worth of $622. This means that any shareholder with more than 17 shares will satisfy the $10,000 requirement.

the allegations in the complaint did not constitute fraud under Section 10(b) and Rule 10b–5.

Plaintiff then sought and obtained leave to amend their complaint and now proceed solely on the claim that defendants breached their fiduciary obligations under Delaware law.[2] Defendants' opposition to the motion for class certification is based on their assertion that the primary relief sought by plaintiffs, that is "restoration of the minority to their status as full shareholders of Kirby" is in conflict with the relief which many other members of the proposed class would want. *See Guttman v. Braemer,* 51 F.R.D. 537 (S.D.N.Y.1970). Defendants argue that since almost all of the former stockholders have accepted the $150 offered by Santa Fe or have sought appraisal, it is unlikely that any would be interested in once again becoming minority stockholders in Kirby. Indeed, those persons who have sought appraisal in Delaware are at present vigorously pursuing a monetary award. If they are included in a class action which ultimately prevails, defendants will be faced with inconsistent judgments as to the same parties. Moreover, since the question of money damages is being fully litigated in Delaware, to permit a class action to proceed on plaintiffs' alternative theory would result in duplicative litigation and also run the risk of inconsistent determinations. The inequity of proceeding in this manner is patent.

Plaintiffs contend that defendants' arguments lack merit since a conflict may never materialize. They also suggest that many stockholders have advised them of their desire to be included in the class. This latter suggestion, however, is less than persuasive when unaccompanied by affidavits from either plaintiffs or those interested in the class action. Moreover, I view the potential conflict, as outlined by defendants, to be a very real danger. Recission of the merger would be inconsistent with the relief sought by those in the appraisal proceeding and an award of monetary damages will result in duplicative litigation. I cannot sanction either result. Accordingly, plaintiffs' motion for class certification is denied.

SO ORDERED.

---

**2.** Plaintiffs' amended complaint also charged a violation of the New York Securities Law (the Martin Act). They have now represented, however, that their Martin Act Claim is to be deleted. Affidavit of Sidney Bender, January 19, 1979.