Richard O. LOENGARD, Jr., et
al., Plaintiffs,

v.

SANTA FE INDUSTRIES, INC., et
al., Defendants.

No. 82 Civ. 7919 (KTD).

United States District Court,
S.D. New York.

Oct. 6, 1983.

Leventritt Lewittes & Bender, Garden City, N.Y., for plaintiffs; Sidney Bender, Garden City, N.Y., of counsel.

Rogers & Wells, New York City, for defendants; William R. Glendon, Guy C. Quinlan, Barbara J. Green, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants, Santa Fe Industries, Inc. ("Santa Fe"), Santa Fe Natural Resources, Inc. ("Resources"), and Kirby Forest Industries, Inc. ("Kirby"), move for summary judgment on the ground that the claims asserted by the plaintiffs, who will be collectively referred to as the Loengard plaintiffs, are barred by the applicable statute of limitations. For the reasons that follow, the defendants' motion for summary judgment is denied in part, and granted in part.

The action instituted by the Loengard plaintiffs arose out of a "cash-out merger" between Kirby and Forest Industries, Inc. ("Forest"), a wholly-owned subsidiary of Resources which had been formed for the purpose of the merger. This merger has prompted a plethora of litigation in both federal and state courts. *See Santa Fe Industries v. Green, Inc.*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); *Bell v. Kirby Lumber Corp.*, 413 A.2d 137 (Del. 1980). I will assume familiarity with all past opinions issued in the instant case and in the related case of *Santa Fe Industries, Inc. v. Green*, and will only set forth the facts relevant to this motion.

## I.

### FACTS

On July 31, 1974, a "short form" merger between Kirby and Forest was effected pursuant to section 253 of the Delaware Corporation Law. An information statement was thereafter sent to the minority shareholders of Kirby advising them of their rights. A class action complaint arising out of this merger was filed in *Green v. Santa Fe Industries, Inc.*, 74 Civ. 3915, on September 10, 1974 in this court. The defendants do not dispute that the Loengard plaintiffs would have been included in this class had the action been allowed to continue as a class suit.

After numerous extensions, the plaintiffs in *Green* moved for class certification on February 13, 1979. This motion was denied on June 7, 1979. *Green v. Santa Fe Industries*, 82 F.R.D. 688, 690 (S.D.N.Y. 1979). A second motion for class certification was made by the *Green* plaintiffs on July 7, 1980. This motion was denied on November 7, 1980. *Green v. Santa Fe Industries*, 88 F.R.D. 575, 576 (S.D.N.Y. 1980).

On January 26, 1982, the Loengard plaintiffs filed a motion to intervene in the *Green* action. This motion was denied as untimely on March 22, 1979 and this ruling was affirmed by the Second Circuit on October 29, 1982. The present *Loengard* complaint was filed on November 30, 1982.

The defendants have moved for summary judgment arguing that the applicable statute of limitations has expired on the two claims asserted by the plaintiffs; the first claim is for breach of fiduciary duty and the second claim arises under the Martin Act. The plaintiffs oppose this motion and argue that the statutes of limitations were suspended from the commencement of the federal action on September 10, 1974 until the denial of the first motion for class certification on June 7, 1979. The plaintiffs contend that with this tolling, only

approximately three and one-half years has expired [1] and that both causes of action are governed by a six year statute of limitations. The defendants challenge the plaintiffs' tolling calculations and use of the six-year statutes of limitations.

## II.

### DISCUSSION

*Applicable Statute of Limitations*

#### A. Martin Act Claims

■ The first cause of action asserted by the plaintiffs is under sections 339–a and 352–c of New York's General Business Law (McKinney Supp.1981–1982), commonly known as the Martin Act. Because the Martin Act provides no statute of limitations period, the New York Civil Practice Law and Rules (CPLR) governs. There are three CPLR sections that may apply to the plaintiffs' Martin Act claim. Section 214(2) provides for a three year period for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y.Civ.Prac.Law § 214(2) (McKinney 1972). Section 213(8), read together with section 203(f), provides that actions based on fraud must be commenced within six years of the alleged fraudulent conduct or within two years after actual or imputed discovery of the facts underlying the claim of fraud. N.Y.Civ.Prac.Law §§ 213(8) & 203(f) (McKinney Supp.1981–1982). Finally, section 213(1) prescribes a six-year period for actions with no specified statute of limitations. *Id.* § 213(1).

Relying on *Campito v. McManus, Longe, Brockwehl, Inc.*, 470 F.Supp. 986, 992–93 (N.D.N.Y.1979), the defendants argue that the three-year period should govern. In determining the proper period to be applied to actions brought under section 10(b) of the Securities and Exchange Act of 1934, the court in *Campito* referred to the statute of limitations of the New York cause of action most similar to the federal

---

**1.** The plaintiffs argue that one month and ten days expired between the complained-of merger and the commencement of the class action and that approximately three years and four months elapsed between the denial of class status and the filing of the Loengard complaint.

claim. The court held that New York's common-law fraud action resembled a section 10(b) claim more closely than a cause of action asserted under the Martin Act. Thus, the six-year statute of limitations applied. In *dicta* the *Campito* court assumed that the three year period provided for in section 214(3) would apply to Martin Act claims.[2]

The plaintiffs, on the other hand, urge that section 213(1) of the CPLR, covering actions with no "specifically prescribed" limitations, should apply to the Martin Act claims. The case relied on by the plaintiffs, *State v. Cortelle Corp.*, 38 N.Y.2d 83, 341 N.E.2d 223, 378 N.Y.S.2d 654 (1975), did not deal with the statute of limitations under the Martin Act. Nevertheless, the plaintiffs argue persuasively that the reasoning used in *Cortelle Corp.*, an action to enjoin fraudulent practices under section 1101(a)(2) of the New York Business Corporation Law is analogous and mandates the use of the longer "residual" six-year statute of limitations. Because there is no definitive New York case to indicate which CPLR provision would be applied by New York courts to Martin Act claims, I must make an "estimate of what the state's highest court would rule to be its law." *Cunninghame v. Equitable Life Assurance Society*, 652 F.2d 306, 308 (2d Cir. 1981).

CPLR § 214(2) prescribes a three-year period for action to "recover upon liability, penalty, or forfeiture created or imposed by statute." N.Y.Civ.Prac.Law § 214(2) (McKinney 1972).[3]

The liability is one created by statute and thus covered by CPLR 214(2) only if it did not exist at common law or one which "would not exist but for the statute." *State v. Cortelle Corp.*, 38 N.Y.2d 83, 341 N.E.2d 223, 378 N.Y.S.2d 654 (1975). Further, where a statute merely provides a remedy for a preexisting liability, section 214(2) does not apply. *See Id.; State Farm Mut. Auto. Ins. Co. v. Regional Transit Serv., Inc.*, 79 A.D.2d 858, 434 N.Y.S.2d 486, 487 (4th Dep't 1980); *see also Hornblower & Weeks-Hemphill, Noyes v. Burchfield*, 366 F.Supp. 1364, 1367 (S.D.N.Y.1973) (margin violations under securities laws were unknown at common law). *But see Pauk v. Board of Trustees*, 654 F.2d 856, 861 (2d Cir.1981) (action under 42 U.S.C. § 1983, although not unknown prior to statute, governed by CPLR § 214(2)), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982); *Staples v. Avis Rent-A-Car System, Inc.*, 537 F.Supp. 1215, 1218 (W.D.N.Y.1982).

In *Cortelle Corp.*, the Attorney General brought an action pursuant to the New York Business Corporation Law concerning alleged fraudulent practices. The Court of Appeals of New York held that none of the causes of action were governed by the three year statute of limitations in CPLR 214(2) because the Business Corporation Law and Executive Law did not " 'make' unlawful" the fraudulent practices but only

---

**2.** The district court in *Campito* reasoned that a Martin Act cause of action was not sufficiently analogous to a section 10(b) and Rule 10b-5 claim to warrant the application of the statute of limitations governing the Martin Act because there did not appear to be a scienter or purchaser-seller requirement under the relevant Martin Act provisions. *Campito v. McManus, Longe, Brockwehl, Inc.*, 470 F.Supp. 986, 992–93 (N.D.N.Y.1979). The *Campito* Court, in a footnote, stated that it was conceivable that New York would read section 352–c to require scienter in which case the six year statute of limitations for fraud causes of action would be applied. 470 F.Supp. at 992, n. 1.

**3.** CPLR § 214(2) was partially derived from the Civil Practice Act (CPA) (predecessor to the

CPLR) § 48(2). Under the CPA, however, a liability created by statute was covered by a six-year statute of limitations. Thus, conflict under the CPA usually arose when a plaintiff with a time-barred negligence claim sought to assert it instead under CPA § 48(2).

When the CPLR replaced the CPA, § 214(2) changed the statute of limitations to three years thereby eliminating those cases in which negligence claims were argued to be "created by statute." *See* 1 J. Weinstein, H. Korn, A. Miller, New York Practice ¶ 214.04 (1977).

In the instant case, the defendants are arguing that the plaintiffs' action under the Martin Act derives from a statutorily created liability and not on common law fraud because the latter has a longer limitations period.

provided standing to the Attorney General and provided remedies for the wrongs. 38 N.Y.2d at 85, 341 N.E.2d at 224, 378 N.Y.S.2d at 655.

The court stated:

In sum, analysis of the challenged causes of action reveals that they seek essentially to redress wrongs previously known to the law, long before the enactment of the statutes discussed. These causes of action, therefore, do not depend upon liabilities, penalties or forfeitures created or imposed by statute within the meaning of CPLR 214 (subd. 2).

*Id.* at 89, 34 N.E.2d at 226–27, 378 N.Y.S.2d at 659. The *Cortelle Corp.* court, therefore, applied the residual six-year statute of limitations in CPLR 213(1) and the action was deemed timely. *Id.*

■ The plaintiffs' first claim, based on N.Y.Gen.Bus.Law § 339–a and § 352–c, alleges that certain of defendants' acts were fraudulent. Specifically, the Loengard plaintiffs claim that they received no notice prior to the merger and that there were material omissions in the defendants' statement to minority shareholders. Further, the plaintiffs allege that the defendants "as part of their fraudulent scheme obtained and ... submitted ... a written statement ... purporting to value each share of stock ... at $125 per share even though Morgan [the appraiser] ... knew that the shares were worth substantially more." Complaint at 4. Thus, the evident basis for plaintiffs' first claim is fraud. Fraud existed at common law and is not a liability created by statute; a six-year statute of limitations therefore should be applied to the Martin Act claims.

### B. Breach of Fiduciary Duty Claims

The plaintiffs' second cause of action is for a breach of fiduciary duty. The plaintiffs contend that New York's limitations' period should be applied in the instant action and that the applicable statute of limitations is six years under CPLR § 213(1). The defendants urge that Delaware's three-year period governs this claim, presumably because the defendant corporation

is incorporated under the laws of Delaware. For the reasons that follow, I find that New York's statute of limitations is applicable but CPLR § 214(4), which provides for a three-year period for injury to property, applies here and not CPLR § 213(1). Thus, partial summary judgment is granted in favor of the defendants insofar as the breach of fiduciary duty claim is concerned.

■ Because the jurisdiction of this court is based on diversity of citizenship, the substantive law of New York should be applied. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). New York's conflict of laws rules as substantive law should be applied in order to determine whether New York's or Delaware's statute of limitations for breach of fiduciary duty would apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ New York courts apply New York's statute of limitations to actions brought in New York except if its borrowing statute is triggered. *See Martin v. Julius Dierck Equipment Co.*, 43 N.Y.2d 583, 588, 374 N.E.2d 97, 99, 403 N.Y.S.2d 185, 187 (1978). CPLR 202 provides that actions "accruing without the state cannot be commenced after the expiration of the time limited by law of either the state or the place without the state where the cause of action accrued" except that New York's law will be applied when the cause of action accrues in favor of its residents. N.Y.Civ.Prac.Law § 202 (McKinney 1972). Therefore, because the breach of fiduciary duty claims accrued in favor of New York residents, New York's statute of limitations must be applied.

■ In New York, actions for damages based on an alleged breach of fiduciary duty appear to be governed by the three-year statute of limitations for injury to property. *See* N.Y.Civ.Prac.Law § 214(4) (McKinney 1972); *Tobias v. Celler*, 37 N.Y.S.2d 399, 402 (Sup.Ct. Kings County 1942), *aff'd*, 265 A.D. 1065, 39 N.Y.

S.2d 1020 (2d Dep't 1943); *see Virginia Iron, Coal & Coke Co. v. Brown*, 37 Misc.2d 347, 238 N.Y.S.2d 298, 299 (Sup.Ct. New York County 1962), *aff'd*, 18 A.D.2d 996, 238 N.Y.S.2d 727 (1st Dep't 1963); *cf.*, *Augstein v. Levey*, 3 A.D.2d 595, 162 N.Y. S.2d 269, 272 (1st Dep't 1957), (derivative action for diversion of corporate opportunities is based on waste and is therefore governed by three-year statute of limitations period), *aff'd*, 4 N.Y.2d 791, 149 N.E.2d 528, 173 N.Y.S.2d 27 (1958). Equity actions for an accounting based on a breach of fiduciary duty may not be treated as an action for injury to property under CPLR § 214(4). Instead, these actions are treated as actions with no specific time limitation under CPLR § 213(1) which are governed by a six-year limitations period. *See Dinerman v. Sutton*, 45 Misc.2d 791, 258 N.Y.S.2d 13, 14–15 (Sup.Ct. Queens County 1965).[4] The instant action is for damages arising from the undervaluation of the shares held by the plaintiffs and is more akin to an injury to property action then an equitable action or an action with its basis in contract. Thus, the three-year statute of limitations provided for in CPLR § 214(4) is applicable to the plaintiffs' breach of fiduciary duty claim.

Plaintiff's action accrued in July of 1974. They assert that their claims are not time barred, however, because of a tolling of the limitations period. Therefore, I now turn to a discussion of tolling.

*Tolling of Statute of Limitations*

▮ It is well-established that the commencement of a class action tolls the applicable statute of limitations for all members of that class who timely *intervene* in the action until the application for class certification is denied, at least in cases in which the denial is based on a failure to show that the class is so numerous that individual joinder is impracticable. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552, 94 S.Ct. 756, 765, 38 L.Ed.2d 713 (1974), *reh'g denied*, 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974). The rationale behind the Supreme Court's decision in *American Pipe* was the promotion of efficiency and economy of litigation by not requiring potential class members to make motions to intervene before the statute of limitations expires. *Id.* 414 U.S. at 553, 94 S.Ct. at 766.

▮ Recently in *Crown, Cork & Seal Co. v. Parker*, — U.S. —, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) the Supreme Court extended the *American Pipe* rule and held that the commencement of a class action suspends the applicable statute of limitations as to all members of the putative class until class certification is denied permitting such members either to intervene as plaintiffs in the pending action or to file their own action. *Id.* at —, 103 S.Ct. at 2397.[5] The Supreme Court reasoned that "a putative class member who fears that class certification will be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. This result would be a needless multiplicity of actions." *Id.*

▮ In this case, the plaintiff's causes of action accrued on or about July 31, 1974.

---

4. *See also Baratta v. Kozlowski*, 94 A.D.2d 454, 464 N.Y.S.2d 803 (2d Dep't 1983). In *Baratta*, the president of a bank was the bailee of bonds which he allegedly utilized for his own purposes. The court framed the statute of limitations question as follows:

> Since the action was commenced four and one-half years after its causes of action accrued, we must decide whether it is the *three-year statute of limitations governing* conversion, negligence and *breach of fiduciary duty* or the six-year statute governing contractual and quasi-contractual claims that applies.

*Id.* at 805 (citations omitted) (emphasis supplied). The court held that the claim had its genesis in a bailment contract and was therefore covered by a six-year statute of limitations.

5. The Supreme Court in *Crown, Cork & Seal Co. v. Parker*, — U.S. —, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) overruled *Stull v. Bayard*, 561 F.2d 429 (2d Cir.1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978) and *Arneil v. Ramsey*, 550 F.2d 774 (2d Cir.1977) in which the Second Circuit limited the scope of *American Pipe* and held that the statute of limitations would be suspended only for the purpose of permitting intervention.

The filing of a complaint seeking class action status on September 10, 1974 tolled the two-applicable statutes of limitations until class status was denied on June 7, 1979. Thus, because the plaintiffs had close to six years after June 7, 1979 within which to assert their Martin Act claim, their commencement of this action on November 30, 1982 was timely. On the other hand, even with the operation of the toll, the fiduciary claim was filed several months after the statute of limitations expired.

In summary, the plaintiffs' cause of action arising under the Martin Act, N.Y.Gen. Bus.Law §§ 339–a, 352–c (McKinney Supp. 1981–1982) is governed by a six-year statute of limitations; this limitation period was tolled by the filing of the class action complaint on September 10, 1974 until the denial of the class status motion on June 7, 1979. The commencement of the present action on November 30, 1982 is therefore timely as to the Martin Act claim. The breach of trust claim, however, was commenced after the applicable statute of limitation had expired. The defendants therefore are granted summary judgment as to the breach of fiduciary duty.

SO ORDERED.