Thomas F. ABERNETHY, Jr. et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 07–651L

United States Court of Federal Claims.

(Filed December 10, 2012)

Martin E. Wolf, Quinn, Gordon & Wolf, Chtd., Towson, Maryland, for plaintiffs. Kieron F. Quinn, Richard S. Gordon, Katherine B. Bornstein, Quinn, Gordon & Wolf, Chtd., all of Towson, Maryland, Kristen D. Hofheimer, Charles R. Hofheimer, Hofheimer/Ferrebee, P.C., all of Virginia Beach, Virginia, Thomas Shuttleworth, Stephen C. Swain, and Charles Lustig, Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C., all of Virginia Beach, Virginia, of counsel.

Joshua A. Doan, Environment & Natural Resources Division, Department of Justice, with whom was Ignacia S. Moreno, Assistant Attorney General, all of Washington, D.C., for defendant. Robert J. Smith, Navy Litigation Office, Washington, D.C., of counsel.

RCFC 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction; statute of limitations, 28 U.S.C. § 2501; class action tolling under *Bright v. United States*; RCFC 56 motion for summary judgment; laches; defense prejudice.

## *MEMORANDUM OPINION AND ORDER*

### VICTOR J. WOLSKI, Judge

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment ("Mot. to Dismiss"). The government argues that the statute of limitations should not have been tolled for plaintiffs, putative members of a class whose certification was denied when the limitations period had more than two years remaining; or, in the alternative, that laches would preclude plaintiffs' claims. For the reasons that follow, the government's motion is **DENIED**.

## I. BACKGROUND [1]

The facts underlying the substantive allegations in this case are fairly straightforward. In the mid–1990s, the Department of Defense Base Closure and Realignment Commission decided to close a naval air station in Florida. Compl. for Inverse Condemnation ("Compl.") ¶ 12. Nine fleets of F/A–18 C/D fighter planes (approximately 156 aircraft) were relocated to Naval Air Station (NAS) Oceana in Virginia Beach, Virginia, starting in 1998 and ending in June 1999. *Id.* ¶¶ 13–14. The F/A–18 C/D fighter planes, which are twice as loud as F–14s, cause significantly more noise and vibration than other aircraft. *Id.* ¶ 16. The plaintiffs in this case are more than 1,900 individuals who own more than 1,370 properties in the vicinity of NAS Oceana or Naval Auxiliary Landing Field (NALF) Fentress in Chesapeake, Virginia, where the F/A–18 C/D fighter planes were operated. *See id.* ¶ 1. These individuals owned their respective properties on or before July 1, 1999, the date on which plaintiffs allege that the flights of the F/A–18 C/D fighter planes substantially interfered with their use and enjoyment of their property, resulting in a taking of property without

payment of just compensation in violation of the Fifth Amendment. *Id.* at ¶¶ 1, 17–19.

The procedural posture of this case, while not contested, is of far greater significance for purposes of deciding the government's motion. On April 5, 2001, nine plaintiffs filed a class action complaint alleging that the United States had taken their property. *See Testwuide v. United States,* 56 Fed.Cl. 755, 756 (2003). That complaint was based on the relocation of F/A–18 C/D fighter planes to the naval facilities in the Virginia Beach area — the very same base closures and fighter plane relocations at issue in the present case. *Id.* at 756–57. That same day, the *Testwuide* plaintiffs filed a motion for class certification. *Id.* at 756, 759. Class certification was denied in an opinion dated June 17, 2003 — two years and seventy-three days after the motion was filed. *Id.* at 755–56. In the same opinion, the *Testwuide* court found that instance to be the "rare" and "extraordinary" case that warranted certifying the issue of class certification for interlocutory appeal. *Id.* at 766–67. The *Testwuide* plaintiffs sought permission for an interlocutory appeal, but the Federal Circuit denied their petition. *Testwuide v. United States,* 73 Fed.Appx. 395, 396 (Fed.Cir.2003).

After the Federal Circuit declined to hear the interlocutory appeal, several other takings cases based on these same facts were filed. By the end of June 2005 (at which time the six-year limitations period would normally have expired), eight other cases were filed. Mot. to Dismiss at 3. Of these eight, seven were formally consolidated with *Testwuide. Id.* These nine cases together involved approximately 3,400 plaintiffs and 2,100 properties. *Id.*

It is uncontested that plaintiffs in this case could have been members of the *Testwuide* class had it been certified, *see* Pls.' Mem. of Law in Opp'n to Mot. to Dismiss ("Pls.' Opp'n") (ECF No. 11) at 15–17; Mot. to Dismiss at 12, and did not join in any of the nine related cases. On May 15, 2007, two months before a trial of some test claims was to begin, the parties reached a settlement

---

1. For purposes of deciding the motion to dismiss, the Court assumes as true all factual allegations contained in plaintiffs' complaint. *See Henke v.* United States, 60 F.3d 795, 797 (Fed.Cir.1995); *Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988).

covering the vast majority of the claims contained in the nine cases. *See* Settlement Agreement and Release, *Testwuide v. United States* (ECF No. 246). The plaintiffs filed their complaint on September 5, 2007 — eight years and sixty-six days after the alleged July 1, 1999 taking of their property. The government moved to dismiss the case for lack of jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), contending that plaintiffs' claims were barred by the six-year limitations period of 28 U.S.C. § 2501.[2] Mot. to Dismiss at 8–10. In the alternative, defendant moved for summary judgment under RCFC 56, on the ground that plaintiffs' claims should be barred by the doctrine of laches. *Id.* at 10–14.

The plaintiffs opposed the government's motion. *See* Pls.' Opp'n. They argued that the class action tolling doctrine from the Supreme Court decision *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553–54, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), applied to make their complaint timely. *See* Pls.' Opp'n at 6–17. They also disputed the applicability of laches. *Id.* at 18–25. While the government's motion was pending, the Federal Circuit issued its decision in *Bright v. United States*, 603 F.3d 1273 (Fed.Cir. 2010), adopting *American Pipe* tolling in the context of a class action in which the limitations period of section 2501 would otherwise have expired before a class could be certified. After several rounds of supplemental briefing and a second oral argument, the government's motion was taken under submission.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject–Matter Jurisdiction

The government's motion to dismiss turns on whether *American Pipe* class action toll-

ing applies in the circumstances of this case. The taking of the avigation easements is alleged to have occurred on July 1, 1999, and the limitations period under section 2501 would normally have expired on July 1, 2005. This lawsuit was filed on September 5, 2007, which was two years and sixty-six days later. But class certification in *Testwuide* was pending for two years and seventy-three days — from the filing of the complaint and motion on April 5, 2001 to the denial of the motion on June 17, 2003. If this period is added to the limitations period, then the plaintiffs' claims were timely filed.

Without question, the Federal Circuit in *Bright* adopted class action tolling for matters brought in our court. *See Bright*, 603 F.3d at 1284–90. Because that case concerned a class action lawsuit in which the question of class certification was being considered *after* the limitations period would have expired, *see id.* at 1277–78, the defendant argues that class action tolling should be restricted to circumstances in which the period would expire before class certification is decided "or very shortly thereafter." Def.'s Supp'l Br. (ECF No. 41) at 10–11. The government maintains that class action tolling should not be allowed in a case such as this one, where two years and fourteen days remained of the limitations period when class certification was denied. *See* Def.'s Resp. (ECF No. 43) at 3. And it contends that *Bright* should not extend to cases in which it is not possible "to promote litigation efficiency by reducing a needless multiplicity of actions." Def.'s Supp'l Br. (ECF No. 41) at 10.[3]

The plaintiffs maintain, on the other hand, that the purpose of *American Pipe* tolling

---

**2.** Section 2501 provides, in relevant part, that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

**3.** The government also distinguishes *Bright* as involving individuals seeking to opt into a class that has been certified, not parties seeking to file their own separate lawsuit after class certification was denied. Def.'s Supp'l Br. (ECF No. 41) at 9–10. But *American Pipe* itself concerned the denial of class action status, *see American Pipe*,

414 U.S. at 543, 94 S.Ct. 756, and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351–52, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), held that individuals could utilize the tolling period to file separate lawsuits. Moreover, the Federal Circuit in *Stone Container Corp. v. United States*, 229 F.3d 1345 (Fed.Cir.2000), held that under class action tolling the limitations period was tolled for purposes of filing a separate suit. *See Stone Container*, 229 F.3d at 1347–48, 1352–54. Thus, *Bright* cannot be distinguished on these grounds.

was not to preserve the claims of putative class members from expiring while the class question was pending, but rather to preserve the litigation efficiencies of the class action device. Pls.' Supp'l Mem. (ECF No. 40) at 7. They argue that *Bright* adopted class action tolling to avoid the litigation difficulties that would otherwise result — a burden on our court to attempt to decide class certification with enough time left in the limitations period for individuals to opt into the suit, and on putative class members to forecast whether this can be done. *Id.* at 8 (citing *Bright*, 603 F.3d at 1288). The plaintiffs stress the Federal Circuit's concern that were class action tolling not allowed in our court, our class actions would be "cumbersome and unwieldy" compared to those in the district courts, where *American Pipe* would apply to cases brought under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *Id.* at 8–9 (quoting *Bright*, 603 F.3d at 1289). And they argue that the tolling approach urged by the government, which requires taking into account whether sufficient time is left of a limitations period when class certification is ruled upon, would amount to impermissible equitable tolling. *Id.* at 9. The plaintiffs note that the Federal Circuit expressly stated that class action tolling under RCFC 23 "is not triggered by equitable considerations," and that such a procedure "suspends or tolls the running of the limitations period for all purported members of a class once a class suit has been commenced." Pls.' Reply Supp'l Mem. (ECF No. 42) at 3 (quoting *Bright*, 603 F.3d at 1287–88).

██ While the question is not an easy one, after careful consideration the Court concludes that plaintiffs are correct about the applicability of class action tolling. First, although the Supreme Court cases establishing class action tolling concerned situations in which limitations periods would otherwise have expired prior to the determination of class action status absent the tolling, these cases never describe the tolling as being triggered by this expiration. Instead, it is an event that occurred earlier — the filing of the lawsuit. Thus, the Supreme Court explains that "the commencement of the original class suit tolls the running of the statute," *American Pipe*, 414 U.S. at 553, 94

S.Ct. 756, and "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554, 94 S.Ct. 756; *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349, 354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (explaining that "the filing of a class action tolled the statute of limitations" and that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied").

██ As the Federal Circuit put it, "[w]hen a court states that a time period is tolled, it means that it abates, or stops the running of, the limitations period in question." *Bright*, 603 F.3d at 1284 n.5 (citation omitted). The effect of filing the class action is not described as beginning a period in which time is banked or stored for use in the contingency that the limitations period expires before a ruling is issued on class certification. Extra time is not accumulating, but rather a time period is stopped, tolled, suspended. Tolling means "that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n.2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991). The limitations period is tolled until certification of a class is denied, or until the opt-in or opt-out period ends. *American Pipe*, 414 U.S. at 561, 94 S.Ct. 756; *Bright*, 603 F.3d at 1290; *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n.13, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Thus, in *American Pipe* the filing of a class action complaint stopped the clock with eleven days remaining, and motions to intervene filed eight days after the clock restarted were timely. *American Pipe*, 414 U.S. at 561, 94 S.Ct. 756. The tolling of the statute is something that happens automatically upon the filing of a class action complaint, rather than something that springs into action upon expiration of the limitations period. *See Bright*, 603 F.3d at 1288 (describing it as "a procedure that suspends or

tolls the running of the limitations period for all purported members of a class once a class suit has been commenced").

Second, the purposes that are served by class action tolling are furthered when it is applied in cases in which the limitations period would not have otherwise expired when class certification is denied. When the Federal Circuit talks of "the laudable goal of avoiding 'multiplicity of actions,' " *Bright*, 603 F.3d at 1285, this clearly means the "*needless* multiplicity of actions*" described by the Supreme Court in *Crown, Cork & Seal*, 462 U.S. at 351, 103 S.Ct. 2392 (emphasis added) — the filing of protective motions to intervene or separate lawsuits in case class certification is denied. *See Crown, Cork & Seal*, 462 U.S. at 349–51, 103 S.Ct. 2392; *Bright*, 603 F.3d at 1285 (citing *Crown, Cork & Seal*). Of course, whenever class certification is denied, the application of class action tolling will permit additional lawsuits that otherwise would have been time-barred, but the availability of tolling means that many lawsuits *and then some* were not filed earlier — litigation efficiency is achieved by avoiding the needless "then somes." [4]

█ In any event, the needless multiplicity of actions is reduced by recognizing class action tolling in cases even when a significant amount of time remains on the clock after class certification is denied. This can be seen by the circumstances presented in this case. The government suggests that after class certification was denied, the plaintiffs could have easily filed their action in the two years and fourteen days that remained of a never-tolled limitations period, but had no interest in doing so until settlement checks were issued to parties in *Testwuide* and the related cases. Def.'s Supp'l Br. (ECF No. 41) at 12. Another possibility, however, is that the plaintiffs would have preferred to opt into *Testwuide*, and were waiting to see if the denial of class certification would be re-

versed on appeal.[5] Under Federal Circuit precedent, however, class action tolling ends when class certification is denied, not when the time to appeal this denial has expired. *Stone Container Corp. v. United States*, 229 F.3d 1345, 1355–56 (Fed.Cir.2000). With an appealable judgment not yet entered and the limitations period (which resumed running after the denial of class certification) about to expire, plaintiffs had to file their own lawsuits to preserve their claims. But had the *Testwuide* class certification decision been reversed during the two years and seventy-three days beyond the initial six-year limitations period — the extended period which would result from class action tolling — protective lawsuits filed prior to this extended period could well be viewed as a needless multiplicity of actions.

Third, if class action tolling were to apply only when the limitations period would otherwise expire during the pendency of the class certification issue, an anomalous situation would arise whenever it was not practicable to certify a class for a long period of time. For instance, if a matter were filed with three years remaining of the limitations period, and the court were to deny certification three years and a day later, putative members would have three years to file or intervene. If this denial came one month earlier, they would have less than one month. To soften this result the government suggests, without citation to authority, that tolling could also apply if the period were to expire "very shortly thereafter." Def.'s Supp'l Br. (ECF No. 41) at 1–2, 11. It is left to the imagination how such a rule would apply. Would "very shortly" be less than the eleven days that remained of the limitations period when it was tolled in *American Pipe*, which was sufficient for intervention in that case? The application of such a rule would seem inevitably to draw courts into the equitable considerations that a "statutory" tolling

---

4. Even when a class is certified, the Supreme Court believes that class action tolling applies to allow the multiplicity of lawsuits that would result from putative members opting out of the class to pursue their own lawsuits. *See Eisen*, 417 U.S. at 176 n.13, 94 S.Ct. 2140; *Crown, Cork & Seal*, 462 U.S. at 351–52, 103 S.Ct. 2392 (describing *Eisen*).

5. Following entry of judgment, if none of the parties appealed the matter, the plaintiffs could have themselves sought to intervene in *Testwuide* for the purpose of appealing the class certification denial. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–96, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).

avoids (and that *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136–39, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), would make suspect). No discretion need be employed or difficult line-drawing required under the normal understanding of tolling — the limitations period stops running when the class action is commenced, and the amount of time left on the clock is frozen until class certification is denied or the opt-in period ends, and then begins to draw down.

Finally, the plaintiffs have identified three district court opinions which applied *American Pipe* to toll limitations periods when more than a year (and in one instance more than two and one-half years) would have remained of an unstopped limitations period. *See* Pls.' Opp'n (ECF No. 11) at 14–15 (citing *Barclay v. United States*, 351 F.Supp.2d 1169, 1177 (D.Kan.2004); *Loengard v. Santa Fe Indus., Inc.*, 573 F.Supp. 1355, 1360–61 (S.D.N.Y.1983)); Pls.' Reply Supp'l Mem. (ECF No. 42) at 5–6 (citing *Arivella v. Lucent Techs., Inc.*, 623 F.Supp.2d 164, 172–76, 178–79 (D.Mass.2009)). The most recent of these, *Arivella v. Lucent Technologies, Inc.*, applied tolling although the plaintiffs would otherwise have had more than one year and seven months to file at the time certification was denied — very persuasively explaining that no discretion is allowed to trial courts under *American Pipe* tolling. *See Arivella*, 623 F.Supp.2d at 179-80. In one case, class action tolling was applied to claims brought under the Little Tucker Act for which the limitations period would otherwise not have expired for two years, six months, and nineteen days after certification was denied. *See Barclay*, 351 F.Supp.2d at 1177–78 (claims relating to the Sunflower Trails).[6] As was noted above, one reason the Federal Circuit adopted class action tolling was to avoid a divergence between the manner that the limitations periods are calculated in district court cases under the Little Tucker Act and the way these would be calculated in our court. *See Bright*, 603 F.3d at 1289. The Court is not aware of any district court precedents supporting the approach advocated by the government in this case.

■ For the foregoing reasons, the Court holds that the class action tolling procedure adopted in *Bright* "suspends or tolls the running of the limitations period for all purported members of a class once a class suit has been commenced," *id.* at 1288, even when the limitations period would not otherwise expire prior to the issuance of a class certification decision. Plaintiffs allege takings that occurred on July 1, 1999. Compl. ¶ 1. The filing of the *Testwuide* complaint on April 5, 2001, tolled the running of the six-year limitations period under section 2501, after just one year, nine months, and four days had expired. The denial of class certification in *Testwuide* on June 17, 2003, resumed the running of the limitations period. The four years and eighty-seven days which remained of this period did not expire until September 12, 2007. Plaintiffs filed their complaint on September 5, 2007, before the limitations period expired. The complaint was timely filed, and accordingly the government's motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.

## B. Motion for Summary Judgment

The defendant argues in the alternative for summary judgment on its affirmative defense of laches. Mot. to Dismiss at 1. In order to be granted summary judgment, the government must show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. RCFC 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court interprets the facts and inferences therefrom "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). An outcome-determinative fact is a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over facts is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Id.*

---

**6.** The claims were nevertheless untimely filed, *see Barclay*, 351 F.Supp.2d at 1178–79, and the Federal Circuit affirmed without deciding whether class action tolling necessarily applied. *See Barclay v. United States*, 443 F.3d 1368, 1373 n.3 (Fed.Cir.2006).

■ For the defendant to prevail on its affirmative defense of laches, it must show that the plaintiffs unreasonably delayed bringing their claims and that the delay was to its prejudice. *See, e.g., Bilfinger Berger AG Sede Secondaria Italiana v. United States*, 97 Fed.Cl. 96, 138 (2010); *Lankster v. United States*, 87 Fed.Cl. 747, 755 (2009). Mere passage of time, even if extended, is not enough alone to constitute prejudice. *Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed.Cir.1988) (en banc) (citing *Gardner v. Pan. R.R. Co.*, 342 U.S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31 (1951) and *Tyler v. United States*, 600 F.2d 786, 789 (Ct.Cl.1979)). Generally, there are two main types of prejudice —(1) "defense prejudice," whereby the defendant is impaired from successfully defending itself from suit given the passage of time; and (2) "economic prejudice," whereby the costs to the defendant have significantly increased due to the delay. *Cornetta*, 851 F.2d at 1378; *Lankster*, 87 Fed.Cl. at 755–56.

■ The only evidence submitted by the defendant to support its motion for summary judgment relates to the contention that the plaintiffs' eight-year and two-month delay in filing their complaint after their claims accrued was unreasonably long. *See* Mot. to Dismiss at 11–14 & Exs. A–D. This consists of brochures, letters, advertising and articles from local media which the government offers to demonstrate that the plaintiffs should have been aware of the existence of their claims and of the six-year limitations period well before their suit was filed. *See* Exs. A–C to *id.*[7] But the plaintiffs may also have known that on September 9, 2004, the plaintiffs in *Testwuide* filed a memorandum with the court taking the position that class action tolling under *American Pipe* applied to the class action claims of that case. *See* Ex. 6 to Pls.' Opp'n. The Court cannot at this time find that it was unreasonable for individuals to rely on a position concerning the limitations period which, as explained above, turned out to be correct.

■ In any event, even if the delay in filing this case could be found unreasonable, the defendant has introduced no evidence supporting its claim that the delay was prejudicial. In its reply paper, it argued that three allegedly critical witnesses had retired from military service, and that it was "far from clear whether they will be able to assist in further litigation." Def.'s Reply in Supp. of Mot. to Dismiss (ECF No. 17) at 19. The government also contended that "it is likely that the passage of time will have dulled memories." *Id.* These unsupported contentions do not establish that the two-year and two-month delay in filing the complaint was prejudicial to the defendant. Moreover, the plaintiffs assert that the three individuals identified as critical witnesses were deposed in the course of the *Testwuide* litigation, Pls.' Sur-reply (ECF No. 23) at 16–17, and submit the documentary evidence compiled for *Testwuide* (settled on the eve of a test trial) to demonstrate that the evidence relevant to this case "has been meticulously preserved and safeguarded." Pls.' Opp'n at 24–25 & Ex. 3. The government's argument of defense prejudice has been met with evidence to the contrary, and accordingly the motion for summary judgment on the defense of laches is **DENIED**.

### III. CONCLUSION

Due to the application of class action tolling, the complaint in this case was timely filed. The government's defense of laches is subject to a genuine dispute of material fact. Accordingly, the motion to dismiss is **DENIED**, as is defendant's motion in the alternative for summary judgment. The parties shall file a Joint Status Report on or by **December 28, 2012**, proposing a schedule for further proceedings.

**IT IS SO ORDERED.**

---

7. Exhibit D contains excerpts from the deposition of Thomas H. Askins, Jr., lead plaintiff in the companion case *Askins v. United States*, 07–650L, taken for purposes of the *Testwuide* litigation.

Mister Askins testified he became involved with the citizens group whose efforts culminated in the *Testwuide* litigation as far back as 1999. Ex. D to Mot. to Dismiss at 6–7.