JOSEPH S. STAUFFER and ANNABELLE STAUFFER,
Appellants,

·vs.

STANDARD BRANDS INCORPORATED, a Delaware corporation, MICHAEL J. ENGLISH, JOSEPH H. HOYT, RALPH J. LISMAN, JOEL S. MITCHELL, and HENRY WEIGL,
Appellees.

*Supreme Court, On Appeal, December 14, 1962.*

8

*Alexander L. Nichols* and *Richard H. Allen,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

*Richard F. Corroon,* Berl, Potter & Anderson, Wilmington, for appellees.

SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.

SOUTHERLAND, Chief Justice: This is a suit by a minority stockholder of Planters Nut and Chocolate Company, a Delaware corporation, attacking the validity of the merger of that corporation into Standard Brands on the ground of constructive fraud. Standard Brands moved to dismiss the complaint and the Vice Chancellor granted the motion. Plaintiff appeals.

This case involves the so-called "short merger statute". 8 *Del.C.* § 253. As recently amended it permits the merger of a ninety-percent owned subsidiary into the parent corporation by the unilateral

act of the board of directors of the parent. The statute permits the parent to pay in cash for the minority interests. Each minority stockholder of the subsidiary must be given notice, and, if dissatisfied with the treatment accorded him, may demand an appraisal.

The factual background of this case is fully set forth in the opinion of the Vice Chancellor. See *Del.Ch.* 178 *A.2d* 311. In brief, Standard Brands, having acquired more than 90% of the stock of Planters Nut and Chocolate Company, a Pennsylvania corporation, created Planters of Delaware and merged the former into the latter on a share-for-share exchange under the provisions of § 252 of the corporation law. The notice of the meeting advised the stockholders that thereafter Planters of Delaware would be merged into Standard Brands under the short-merger statute. This was subsequently done. The merger provided for the payment in cash to the minority of $105 a share. This figure is $10 less than paid by Standard Brands for a block of about 50% of the stock of Planters of Pennsylvania (after litigation), and the same figure that was paid by Standard for more shares subsequently acquired.

Plaintiff, because of absence from the country, did not learn of the merger until the expiration of the statutory time of twenty days within which to demand appraisal. He thereafter brought this suit.

The claim is that the cash offered—$105 a share—is so grossly inadequate as to constitute a constructive fraud upon the minority. The real value is said to be at least $150 or $160 a share.

The complaint, of course, contains conclusory allegations of oppressive treatment of the minority by the parent corporation, and a prayer that the merger be set aside. But it is plain that the real relief sought is the recovery of the monetary value of plaintiff's shares— relief for which the statutory appraisal provisions provided an adequate remedy. The Vice Chancellor held that in the circumstances of this case that remedy was exclusive. His analysis of the facts and the law was thorough and well-considered, and we agree with it. It would be superfluous for us to repeat it.

We do, however, notice an argument made to us that was not made below.

In holding that plaintiff's statutory remedy of appraisal was exclusive the Vice Chancellor cited and followed the decisions of the New York Courts in *Amella v. Consolidated Edison Co. of New York, Sup.* 73 *N.Y.S.2d* 263, *aff'd* 273 *App.Div.* 775, 75 *N.Y.S.2d* 513, *appeal denied,* 297 *N.Y.* 1031, 78 *N.E.2d* 868; and *Beloff v. Consolidated Edison Co. of New York,* 300 *N.Y.* 11, 87 *N.E.2d* 561. Since our short merger statute is modeled upon that of New York (*Coyne v. Park & Tilford Distillers Corporation, Del.Ch.,* 154 *A.2d* 893) the Vice Chancellor was·clearly correct.

But it is now said that the New York decisions were misinterpreted. The argument runs as follows:

Since the decisions in the Consolidated Edison cases, the New York appraisal statute has been amended. After providing that the remedy of appraisal shall be exclusive, the statute adds:

> "except that this section shall not exclude the right of such a shareholder to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is illegal or fraudulent as to him." *Business Corporation Law,* § 623.

The Revisors' Notes refer to this exception as a "well-recognized exception", Hence it is said that the New York law does not hold the appraisal remedy to be exclusive if there is fraud; .and therefore the appraisal remedy under our statute should not be held to be exclusive.

The answer to this is that the exception above quoted refers generally to all mergers, and is nothing but a reaffirmation of the ever-present power of equity to deal with illegality or fraud. But it has no bearing here. No illegality or overreaching is shown. The dispute reduces to nothing but a difference of opinion as to value. Indeed it is diffcult to imagine a case under the short merger statute in which there could be such actual fraud as would entitle a minority to set aside the merger. This is so because the very purpose of the

statute is to provide the parent corporation with a means of eliminating the minority shareholder's interest in the enterprise. Thereafter the former stockholder has only a monetary claim. This power of the parent corporation to eliminate the minority is a complete answer to plaintiff's charge of breach of trust against the directors of Planters of Delaware. As the Vice Chancellor held, they had nothing to do with the merger. It was a unilateral act of the parent.

But it is unnecessary to hold that under no conceivable circumstances could a minority stockholder obtain relief for fraud. Indeed, defendant does not press that argument. It is sufficient to say, as the Vice Chancellor held, that in this case there is only a dispute as to value, and hence there is no remedy except appraisal. That the remedy has been lost is the plaintiff's own fault.

The judgment of the Court of Chancery is affirmed.