CARL MARKS & CO., INC.,
Appellant,

*vs.*

UNIVERSAL CITY STUDIOS, INC., a Delaware corporation,
Appellee.

*Supreme Court, On Appeal, July 26, 1967.*

*William T. Lynam, 3rd,* and *Ernest S. Wilson, Jr.,* of Wilson & Lynam, Wilmington, and *Herbert B. Max,* New York City, for appellant.

*Richard J. Abrams,* of Richards, Layton & Finger, Wilmington, for appellee.

Wolcott, Chief Justice, Herrmann, Justice, and McNeilly, Judge, sitting.

Wolcott, Chief Justice: This is an appeal by Carl Marks & Co., Inc., a stockholder of Universal Pictures Company, Inc., from a dismissal of its petition for an appraisal of its stock following a short-form merger under 8 *Del.C.* § 253, of Pictures into Universal City Studios, Inc., on March 25, 1966.

8 *Del.C.* § 253, provides that notice of a short-form merger shall be sent to the stockholders of the merging corporation. Thereafter, any dissatisfied stockholder, within 20 days after the date of the mailing, may object in writing to the merger, and may demand in writing from the surviving corporation payment for his stock. If these statutory conditions are complied with, the stockholder has established the necessary foundation for a right of appraisal.

Under the terms of the merger of Pictures into Studios, the stockholders of Pictures were given no option but to accept $75 per share for their stock. This is permitted under 8 *Del.C.* § 253. *Stauf-*

*fer v. Standard Brands, Inc.*, 41 *Del.Ch.* 7, 187 *A.2d* 78; *Coyne v. Park & Tilford,* 38 *Del.Ch.* 514, 154 *A.2d* 893.

Following the receipt of the notice of merger on March 30, 1966, Marks & Co. wrote a letter to the surviving corporation. The body of that letter is set forth in full:

"We are the holders of 1,000 shares of your Common Stock, purchased many years ago.

"It is our opinion that your tender offer of $75.– per share is most unrealistic, and you may be certain that we will do everything in our power to prevent what we consider to be a confiscation of our property without due process of law."

The Chancellor ruled that the quoted letter did not constitute a "demand for payment" within the meaning of 8 *Del.C.* § 253, holding that the question before him was controlled by *Abraham & Co. v. Olivetti Underwood Corporation, Del.Ch.,* 204 *A.2d* 740.

■ We agree with the ruling in the *Abraham* case. In that case the question was whether certain letters could, by fair implication, be read as being written demands for payment. These letters were to the effect that the stockholder objected to the merger or registered an objection to it. We can find no substantial difference between the letters in the *Abraham* case and the one at bar. In neither, by fair implication, can they be read as making a demand for payment.

■ Since, under 8 *Del.C.* § 253, the notice to stockholders is required to be sent only after the consummation of the merger, it would seem, particularly where only cash is offered the stockholder, that the letter from Marks & Co. had little purpose apart from an appraisal of the shares. Despite this, however, the statutory requirement of a written demand for payment is mandatory and must be complied with to obtain an appraisal.

■ Marks & Co. sent another letter to the surviving corporation dated May 19, 1966. This letter may well have the same fatal defect of the letter of March 30, 1966, but, in any event, it came too late since it was not sent and received prior to the expiration of 20 days after mailing of the notice.

The judgment below is affirmed.