J. CLIFF RAHEL AND COMPANY, INC., A DELAWARE CORPORATION, APPELLEE, v. REDGE K. ROPER, APPELLANT.

180 N. W. 2d 682

Filed October 30, 1970. No. 37499.

John R. Doyle, for appellant.

Cline, Williams, Wright, Johnson & Oldfather and Stephen E. Gehring, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action upon a promissory note and collateral agreement executed by the defendant. The trial court found generally for the plaintiff and the defendant appeals.

The controversy arises out of the sale of 500 shares of Raychem Corporation stock and 700 shares of Memorex Corporation stock on October 11, 1966. The stock

was sold by the defendant through the plaintiff, a licensed security broker. Although the defendant did not own the stock at the time of the sale, he represented to the plaintiff that he did own the stock. When the defendant failed to deliver the securities to the plaintiff upon demand, the plaintiff discovered that the defendant did not own the securities he had sold and that the sales were, in fact, "short sales."

The securities increased in value and as of December 14, 1966, the defendant had sustained a nonrealized loss on the transactions in the amount of $32,661.06. The promissory note and collateral agreement were executed on December 24, 1966. The agreement provided that in consideration of the plaintiff assuming the defendant's short position in the securities, the defendant had agreed to execute the note in the amount of $32,661.06 which would become due not later than June 20, 1967. The agreement further provided that if the value of the securities should increase by more than $9,386.25, the plaintiff on notice to the defendant had the right to cover the short position and add all additional loss and expenses to the principal amount of the indebtedness.

The value of the securities continued to increase and on January 26, 1967, the plaintiff covered the short position in accordance with the terms of the agreement. The defendant's loss, less the proceeds of collateral that had been delivered to the plaintiff, amounted to $37,564.41 which with interest and costs is the amount of the judgment recovered by the plaintiff.

The defendant contends that the transaction was void because the plaintiff extended credit to him in violation of the federal statutes and regulations applicable to such transactions. The defendant relies upon section 29 of the Securities Exchange Act of 1934, 15 U. S. C. A. § 78 cc, and Regulation T of the Board of Governors of the Federal Reserve System, 12 CFR § 220.1 et seq.

The statute provides generally that every contract made in violation of it, or of any rule or regulation

thereunder, shall be void. The record shows that there was a failure to comply with the regulations pertaining to the handling of short sales in regard to the transactions involved in this case. The question is whether that automatically voids the contract arising out of the transactions.

Section 29 of the Securities Exchange Act of 1934 has been interpreted to mean that a contract made in violation of the act is not void but voidable at the option of the innocent party. In Mills v. Electric Auto-Lite Co., 396 U. S. 375, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970), the United States Supreme Court said: "We do not read § 29(b) of the Act, which declares contracts made in violation of the Act or a rule thereunder 'void . . . as regards the rights of' the violator and knowing successors in interest, as requiring that the merger be set aside simply because the merger agreement is a 'void' contract. This language establishes that the guilty party is precluded from enforcing the contract against an unwilling innocent party, but it does not compel the conclusion that the contract is a nullity, creating no enforceable rights even in a party innocent of the violation. The lower federal courts have read § 29(b), which has counterparts in the Holding Company Act, the Investment Act, and the Investment Advisers Act, as rendering the contract merely voidable at the option of the innocent party." See, also, VI Loss, Securities Regulation, p. 3866.

The plaintiff in this case did not handle the transactions as short sales because of the representation by the defendant that he owned the stock which was sold. The plaintiff had handled a large number of transactions for the defendant on prior occasions and the defendant had never had a margin account with the plaintiff. The plaintiff thought that the transactions were "straight" sales and handled the transactions in a cash account. When the plaintiff discovered that the transactions were in fact short sales, the plaintiff demanded collateraliza-

tion as required by the federal regulations. This finally resulted in the execution of the promissory note and collateral agreement in which the plaintiff assumed the defendant's short position.

Under the facts in this case, the plaintiff and not the defendant is the innocent party. The contract is not voidable at the option of the defendant, and the plaintiff has not elected to rescind.

The judgment of the district court is affirmed.

AFFIRMED.