■ HERMAN MANTEI et al., Appellants, v CREOLE PETROLEUM CORP. et al., Defendants, and EXXON CORPORATION et al., Respondents.—Order (entered April 7, 1977) and judgment (entered April 14, 1977), Supreme Court, New York County, dismissing the complaint as to defendant Exxon Corporation and the individual defendants-respondents, are unanimously affirmed, with $60 costs and disbursements of this appeal payable to respondents. Pursuant to section 253 of the Delaware General Corporation Law, Creole Petroleum Corp. and Esso Holding, Inc., a wholly owned subsidiary of defendant Exxon, were merged effective June 23, 1975. Both Creole Petroleum Corp. and Esso Holding, Inc., were Delaware corporations. The merger was a so-called "short merger" under which the corporate holder of more than 90% of the stock of a Delaware corporation may merge a subsidiary into the parent by the unilateral act of the board of directors of the parent, paying cash for the minority interest. The merger took place at a time when nationalization of Creole's properties and business by the government of Venezuela was imminent. Plaintiffs were minority stockholders of Creole; they do not contend that the merger is invalid as to them in such sense that they are still stockholders of Creole. They contend, however, that Exxon had information as to the prospects of Creole after the nationalization which made nationalization not nearly so disadvantageous to Creole as the public believed, or was led to believe, and that this constituted a fraud on the minority stockholders for which Exxon and its directors should be held liable in damages. Whether considered under the rubric of "internal affairs of a foreign corporation" or *"forum non conveniens,"* we think that the action should be pursued, if at all, in the courts of the State of Delaware rather than New York. Accordingly, the dismissal of the complaint was proper. Complaints arising out of alleged unfair treatment of dissenting stockholders in a merger or consolidation of foreign corporations have traditionally been held to be matters that should not be entertained in the courts of this State *(Langfelder v Universal Labs.,* 293 NY 200; *Koster v Shenandoah Corp.,* 258 App Div 1079), and such has been the holding even where money damages or an accounting from third parties were sought rather than a decree invalidating the merger *(id.),* and even in the face of allegations that undervaluations of the dissenters' stock resulted from fraud of the defendant officers and directors *(Koster v Shenandoah Corp., supra).* One reason for this rule is the desirability of equal treatment of all dissenting stockholders "on the ground that unless such suits are confined to the state of incorporation there can be no uniformity in the recoveries and hence no equality of treatment among the dissenting shareholders." (Restatement, Conflict of Laws 2d, § 313, Comment *c,* p 348.) In the present case, there are said to have been over 16,000 public minority stockholders of Creole resident throughout the United States. There appears to be no particular reason why New York should fix the value of the stock not only for its residents but for the residents of all the other States. Although the action purports to be a class action, there apparently has been no order yet determining whether it is to be so maintained under CPLR 902. There is involved a serious and doubtful question whether the remedy of appraisal under the Delaware statute is the exclusive remedy even in the face of allegations of fraud such as are here contained. That appeared to be the ruling of the Delaware Supreme Court in *Stauffer v Standard Brands Inc.* (187 A2d 78). The recent decision in that court in *Singer v Magnavox Co.* (380 A2d 969) indicates that appraisal is not the exclusive remedy in a so-

called long-form merger, and the court limited the *Stauffer* case accordingly but did not overrule the *Stauffer* case in relation to a short merger. (But see *Kemp v Angel,* 381 A2d 241 [Del Ch] app pending). Similarly plaintiffs' claim for punitive damages appears to present unresolved questions under Delaware law. The case is further complicated by the fact that plaintiffs followed the procedure for appraisal of their stock under the Delaware statute and the Delaware court has explicitly adjudicated with respect to the named plaintiffs as to what they were entitled to recover under the appraisal statute. Finally we note that Exxon is amenable to service of process in Delaware; whether or not the individual defendants are thus amenable can add little to the assurance of collectability of a judgment against Exxon. Concur—Silverman, J. P., Evans, Fein and Markewich, JJ.