MICHIGAN NATIONAL BANK OF DETROIT v DUNBAR

Docket No. 78-856. Submitted June 13, 1979, at Detroit.—Decided July 23, 1979.

Plaintiff, Michigan National Bank of Detroit, is the holder of a promissory note made by defendant Ronald Dunbar and guaranteed by defendant Edward J. Holland, Jr. Plaintiff sued defendants on the note in the Wayne Circuit Court and defendants asserted various affirmative defenses including that the contract of which the note was a part was illegal. The trial court conducted a pretrial hearing in response to plaintiff's motion for summary judgment for failure to state a defense and for the reason that no issue of material fact existed. The court, Andrew DiMaggio, J., granted summary judgment, apparently holding that the defenses were insufficient because none could be established without using parol evidence. Defendants appeal. *Held:*

1. A motion for summary judgment for failure to state a valid defense to the claim tests the legal sufficiency of the defense and should not be granted unless the defenses as pleaded are so clearly untenable as a matter of law that no factual development could possibly deny the claimant's right to recovery.

2. Evidence that a written instrument is part of an illegal contract is not excluded by the parol evidence rule.

Reversed and remanded.

1. JUDGMENT — SUMMARY JUDGMENT — TEST FOR SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment for failure to state a valid defense to the claim tests the legal sufficiency of the defense and should not be granted unless the defenses as pleaded are so clearly untenable as a matter of law that no factual develop-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 27.
[2] 30 Am Jur 2d, Evidence § 1035.
Admissibility of oral evidence to show that a writing was a sham agreement not intended to create legal relations. 71 ALR2d 382.

ment could possibly deny the claimant's right to recovery (GCR 1963, 117.2[2]).

2. EVIDENCE — PAROL EVIDENCE — ILLEGALITY OF A CONTRACT.

Evidence that a written instrument is part of an illegal contract is not excluded by the parol evidence rule.

*Kramer, Mellen, Magner & Ishbia, P.C.,* for plaintiff.

*Patmon, Young & Kirk, P.C.* (by *Ulysses W. Boykin, III),* for defendants.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

BEASLEY, J. Plaintiff alleges that on December 17, 1971, defendant, Ronald Dunbar, delivered his promissory note to plaintiff for $12,400 with interest at 7% payable 180 days after date. Plaintiff also alleges that, as security for the loan evidenced by the promissory note, defendant, Edward J. Holland, Jr., guaranteed payment.

Plaintiff says defendant indicated the purpose of the loan was for oil investment. The note was subsequently renewed until March 12, 1973. When the note was not paid, plaintiff started suit against both defendants Dunbar and Holland on August 16, 1973.

Eventually, in January, 1978, plaintiff made an oral motion for summary judgment under GCR 1963, 117.2(2) for failure to state a defense and under GCR 1963, 117.2(3) on the basis that there was not any issue of material fact.

In their answers to the complaint and amended complaint of plaintiff, defendants assert various affirmative defenses. The trial court conducted a separate pretrial hearing, after which plaintiff's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion for summary judgment was granted. Defendants appeal as of right.

We reverse the order granting summary judgment, set aside the judgment and remand for trial on the merits.

As indicated, plaintiff's motion for summary judgment was in the alternative, either under GCR 1963, 117.2(2) or under GCR 1963, 117.2(3).

GCR 1963, 117.2(2) provides for summary judgment where the opposing party has failed to state a valid defense to the claim asserted against him. Such a motion tests the legal sufficiency of the defense as pleaded.[1]

The trial court seemed to hold that the defenses were insufficient because none could be established without using parol evidence. In *Bob v Holmes,*[2] we said:

"* * * the proper test for such a motion would be whether defendants' defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiffs' right to recovery."

We decline to hold defendants' claimed defenses so clearly untenable as to be impossible of factual development. For example, if defendants can prove securities law violations, even though the violations were of Federal laws involving plaintiff, defendants may have a good defense.[3] Evidence that a written instrument is part of an illegal contract is not excluded by the parol evidence rule.[4]

We hesitate to rule on the various other defenses asserted by defendants until we have a trial

---

[1] *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974).

[2] 78 Mich App 205, 211; 259 NW2d 427 (1977).

[3] See, *Aetna State Bank v Altheimer,* 430 F2d 750, 754 (CA 7, 1970).

[4] *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195, 204; 220 NW2d 664 (1974).

record before us with the trial judge's rulings and findings.

Plaintiff's other alternative claim under GCR 1963, 117.2(3) would have to be based upon an assertion that there was no genuine material issue of fact. We do not find this to be the case; obviously, defendants raise various issues of fact, the weight and materiality of which can only be measured in a trial context.

As indicated, under these circumstances, we find error in disposing of this case by summary judgment without trial.

Reversed and remanded for trial on the merits.