S. William GREEN et al., Plaintiffs,

v.

SANTA FE INDUSTRIES et al., Defendants.

No. 74 Civ. 3915 (KTD).

United States District Court,
S. D. New York.

Nov. 6, 1980.

Leventritt, Lewittes & Bender, New York City, for plaintiffs.

Rogers & Wells, New York City, for defendants; William R. Glendon, Guy C. Quinlan, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

This case continues to be the spawning grounds for difficult questions. I will not reiterate the long and well-publicized tale of its peregrinations through the wilds of litigation. *See, e. g., Green v. Santa Fe,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); *Bill v. Kirby Lumber Corp.,* 413 A.2d 137 (Del. Feb. 20, 1980).

Three motions are presently before me: (1) a motion to strike the plaintiffs' demand for a jury trial; (2) a motion by defendants for summary judgment; and (3) a motion for class certification.

The motion to strike the demand for a jury trial is easily disposed of—the plaintiffs have consented to the relief sought.

The motion for summary judgment is made on technical grounds. The defendants argue that this Court sitting as a diversity court applying Delaware substantive law should not apply certain decisions of the Delaware courts retroactively. The decision most in question is *Roland International Corp. v. Najjar,* 407 A.2d 1032 (Del. 1979) under which plaintiffs concededly have a valid claim for breach of fiduciary obligation under the facts alleged. Suffice it to say that this case was *sub judice* at the time that decision was rendered and thus, if I were a judge sitting in the state court in Delaware, I would be obliged to follow it. I intend to do so here. It would be incongruous to apply different standards than does the Delaware Supreme Court. There is no inequity to the defendants; rather, the belated recognition of the equity of this type of action by the Delaware courts assures that no twisted reading of their former decisions will foreclose valid claims. The motion for summary judgment on this narrow ground is therefore denied.

The third motion is the most troublesome. This entire case had its genesis in a short form merger of two Delaware corporations at the behest of the defendants, thus leaving the class of public shareholders to accept the proffered $150 per share provided by the merger, to seek appraisal in the Delaware Court of Chancery, or to sue for breach of fiduciary duty as these plaintiffs have done. Shareholders of approximately 80 percent of the publicly held shares opted to take the proffered amount; others opted to join in an appraisal action in the state courts in Delaware which has recently been finally concluded, *Bill v. Kirby Lumber Corp., supra*; and these plaintiffs have maintained this action.

Plaintiffs have already been rebuffed by this Court for seeking an overly broad class certification. *See Green v. Santa Fe,* 82 F.R.D. 688 (1979). They now seek certification of a class which would exclude the public shareholders who participated in the *Bill v. Kirby Lumber* action in the state court and include all who held "17 or more Kirby shares at the time of the merger [1974], subclassified into: (a) those desiring monetary relief, and (b) those seeking reinstatement as stockholders."

The litigation engendered by the merger in question and the years which have passed in the interim have caused the potential members of the class to take various and differing positions. For example, the plaintiffs here at one time sought appraisal and then withdrew from that position. Others accepted the cash payment offered in connection with the merger. *See* Affidavit of Sylvia T. Yarrow, dated July 11, 1980 (applying for membership in the class). Others have done other things. In short, the members of the potential class have travelled down so many different paths in the six years since this cause of action arose that the class would have to be divided into almost as many subclasses as there are shareholders in order to insure adequate representation of the class members' interests.

Accordingly, the motion for class certification pursuant to Rule 23 is denied.

To sum up: (1) the jury demand is stricken; (2) the defendants' motion for summary judgment is denied; and (3) the motion for class certification is denied.

So ordered.