S. William GREEN, et al., Plaintiffs,

v.

SANTE FE INDUSTRIES, INC., et al., Defendants.

No. 74 Civ. 3915 (KTD).

United States District Court,
S.D. New York.

Nov. 22, 1983.

Leventritt, Lewittes & Bender, Garden City, N.Y., for plaintiffs; Sidney Bender, New York City, of counsel.

Rogers & Wells, New York City, for defendants; William R. Glendon, Guy C. Quinlan, Barbara J. Green, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This case arises out of a Delaware short-form merger between defendant's wholly-owned subsidiary, formed for the purpose of the merger, and Kirby Lumber Corp. ("Kirby") and the objections voiced by the minority shareholders of Kirby to the merger. The factual background and procedural history of this case are set forth fully in *Santa Fe Industries, Inc., et al. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); *Bell v. Kirby Lumber Corp.*, 413 A.D.2d 137 (Del.1980); *Green v. Santa Fe Industries, Inc.*, 88 F.R.D. 575 (S.D.N.Y.1980), and will not be reiterated herein. Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56.

In their second amended complaint, the plaintiffs assert two causes of action. The first claim for fraud alleges violation of New York's Martin Act, N.Y.Gen.Bus.Law §§ 339a–2, 352–c (McKinney's Supp.1981–1982), and Delaware's common law. The second cause of action is for breach of a fiduciary obligation. Plaintiffs allege that as part of a fraudulent scheme to lull the minority shareholders of Kirby into believing that an independent appraisal was unnecessary, defendant Morgan Stanley & Co. ("Morgan Stanley") undervalued the price of the stock at $125.00 per share

when it was worth at least $772.00 per share. In addition, plaintiffs contend that the information statement sent to them in 1974 contained several material omissions in violation of the Martin Act. *See* Second Amended Complaint at 4–6. In the second cause of action for breach of fiduciary duty, plaintiffs allege that the defendants, as fiduciaries, owed plaintiffs a duty to be fair and honest and to act in good faith. They assert that this duty was breached because the merger had no business purpose and the stock was undervalued by Morgan Stanley. Defendants made an earlier motion for summary judgment which I denied on the basis of the then current Delaware law. *Green v. Santa Fe Industries*, 88 F.R.D. 575, 576 (S.D.N.Y.1980).

Defendants now move for summary judgment on both causes of action on the basis of the recent holding in *Weinberger v. UOP, Inc.*, 547 A.2d 701 (Del.1983). Defendants argue that *Weinberger* is binding on all cases *sub judice* and, therefore, acts as a bar to the plaintiffs' action. For the following reasons, summary judgment is granted in the defendants' favor. Accordingly, it is unnecessary to address the arguments asserted under the Martin Act.

## DISCUSSION

■ The party moving for summary judgment must establish that there is no disputed material fact, and that it is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether an issue remains to be tried, all facts and inferences must be viewed in a light most favorable to the party opposing the motion for summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ In a diversity case, the federal court must apply the substantive law that the state would apply. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). While a case is *sub judice*, the most recent controlling decisions of the state should be

applied. *Vandenbank v. Owens-Illinois Co.*, 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941). Therefore, I will review briefly the progression of Delaware case law on this issue.

■ Section 253 of the Delaware Corporation Law permits a parent corporation owning 90% or more of the stock of a subsidiary to merge with the subsidiary and make cash payments to the minority shareholders. Those shareholders dissatisfied with the offered price must make a written demand for appraisal in the Delaware Court of Chancery within 120 days of the effective date of the merger. *See* Del. Code Ann. Title 8, 262 (Supp.1982). In 1974, at the time this action was commenced, the law in Delaware was that appraisal was an exclusive remedy.

In *Stauffer v. Standard Brands, Inc.*, 41 Del.Ch. 7, 187 A.2d 78, 80 (1962), the court dismissed an action for fraud and stated that "the very purpose of the statute is to provide the parent corporation with a means of eliminating the minority shareholder's interest in the enterprise." More than five years after the commencement of *Green*, the Delaware Supreme Court overruled *Stauffer* and held that a valid "corporate purpose" was required for a short-form merger, and that appraisal rights were not an exclusive remedy. *Roland International Corp. v. Najjar*, 407 A.2d 1032, 1036 (Del.1979) (extending the holding in *Singer v. Magnavox Co.*, 380 A.2d 969 (Del.1977), which had allowed other remedies to shareholders involved in an ordinary merger). In *Roland*, the court held that a merger effected for no other purpose than to eliminate public shareholders may give rise to causes of action other than for appraisal, including a breach of fiduciary duty claim. *Id.* Defendants' prior summary judgment motion was denied on the basis of *Roland*.

Recently, however, in *Weinberger v. UOP, Inc.*, the Delaware Supreme Court returned to the *Stauffer* rule and held that no corporate purpose is required under Delaware's short-form merger statute, and

that minority shareholders are limited to an appraisal remedy. 457 A.2d 701, 715 (Del. 1983). Although *Weinberger* disallowed minority shareholders any relief outside that provided by the Delaware short-form merger statute, it also explicitly limited the retroactive effect of the decision. The *Weinberger* court stated:

> Obviously, there are other litigants, like the plaintiff, who abjured an appraisal and whose rights to challenge the element of fair value must be preserved. Accordingly, the quasi-appraisal remedy here will apply only to: ... (4) any case challenging a cash-out merger, the effective date of which is on or before February 1, 1983.

457 A.2d at 714. Thus, the court permitted the minority shareholders in *Weinberger*, and plaintiffs in other cases similarly situated, to seek relief other than appraisal, but held that in the future appraisal rights would be an exclusive remedy. *Id.* at 715.

Defendants argue that the *Weinberger* court, in limiting its holding retroactively, intended to assist those plaintiffs who brought an action between *Singer*, decided in 1977, and *Weinberger*. Thus, defendants contend that the *Green* plaintiffs have no excuse for not pursuing an appraisal remedy because their action was instituted at a time when *Singer* had not yet been decided, and therefore plaintiffs could not possibly have relied on *Singer*. Defendants' argument is persuasive. Although the *Weinberger* court, appeared to limit the reach of its holding to all mergers effected before 1983, the policy considerations behind the court's decision to allow certain plaintiffs to continue to seek remedies other than appraisal would not be promoted by a blind application of the court's provision for retroactive relief. Further, plaintiffs would reap a windfall that the Delaware Supreme Court could not have intended.

In *Weinberger*, the court held that it was "return[ing] to the well established principles of *Stauffer v. Standard Brands, Inc.*, 41 Del.Ch. 7, 187 A.2d 78 (1962) and *Greene & Co. v. Schnenley Industries, Inc.*, 281 A.2d 30 (Del.Ch.1971), mandating a stockholder's recourse to the basic remedy of appraisal." The claim in *Stauffer* was that the cash offered to the minority shareholders was so inadequate that it constituted constructive fraud. 187 A.2d at 80. The *Stauffer* court reasoned that although an "ever-present power of equity to deal with illegality or fraud" is vested in the court, where the dispute is over the value of the stock, "there is no remedy except appraisal." *Id.*

In *Greene*, which was an action for an order enjoining the proposed merger between the parent and subsidiary, the court held:

> [U]nless the fair value of Schenley stock is so much greater than the total amount offered, or that plaintiffs and other minority stockholders are being otherwise deprived of clear rights or otherwise so taken advantage of by those charged with a fiduciary duty towards them as to constitute a form of constructive fraud, or the like, then it would appear that the parties are merely in dispute as to value, for which an appraisal should be adequate.

281 A.2d at 33. This is the situation here. Plaintiffs are complaining that the stock was undervalued by Morgan Stanley.[1]

The reasoning employed in *Greene* and *Stauffer* are applicable in this case. In addition, for the reasons that follow the *Weinberger* court's holding on the retroactive application of its decision will not be utilized under the facts and circumstances of this case.

1. *Bell v. Kirby Lumber Corp.*, 413 A.2d 137 (Del. 1980), involved the Kirby shareholders who invoked the appraisal remedy. The court held that the "Morgan Stanley appraisal is the product of an orderly and logical deductive process in accordance with the approved methodology properly accepted by the Appraiser and the Vice-Chancellor." *Id.* at 147 (citations omitted).

In addition, the Delaware Supreme Court did not suggest that any fraud or overreaching occurred in connection with the 1974 short-form merger. Thus, even if *Stauffer* were inapplicable here, it is unlikely that the facts would support an allegation of constructive fraud based on a breach of a fiduciary duty.

First, at the time that the plaintiffs instituted their action in 1974, appraisal was the only remedy available to dissatisfied minority shareholders of a merged corporation after a short-form merger was perfected. *See Stauffer v. Standard Brands, Inc.*, 41 Del.Ch. 7, 187 A.2d 78 (1962). On August 21, 1974, the plaintiffs filed a petition in the Delaware Court of Chancery for appraisal but withdrew that petition. The day after the withdrawal, the plaintiffs commenced an action in federal court alleging violations of the federal securities laws. *See Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 467 n. 4, 97 S.Ct. 1292, 1297 n. 4, 51 L.Ed.2d 480 (1976). Thus, plaintiffs—to use the language of the *Weinberger* court—did not "abjure an appraisal." They sought appraisal and made a conscious tactical decision to withdraw their petition. Their "rights to challenge the element of fair value" do not have to be preserved because they had the opportunity to and did, in fact, seek appraisal.

Second, the Delaware Supreme Court in *Weinberger*, provided for prospective application of its holding on appraisal exclusivity because litigants who instituted actions after *Singer* was decided could be said to have relied on *Singer* in waiving their right to an appraisal. Here, plaintiffs could not be said to have relied on *Singer*. Their action was commenced in 1974 when appraisal was the exclusive remedy and three years before *Singer* was decided. Thus, the *Green* plaintiffs did not rely on *Singer* when they withdrew their petition for appraisal.

Accordingly, summary judgment is granted in favor of the defendants.

SO ORDERED.