OPINION OF THE COURT
Hancock, Jr., J.
Plaintiffs were minority stockholders in Kirby Lumber Corp. on July 31, 1974 when Santa Fe Resources effected a Dela *265 ware short-form, freeze-out merger (Delaware Corporation Law § 253) as a result of which Kirby became a wholly owned subsidiary of Santa Fe Industries, Inc. (a detailed statement of the facts and procedural history of this case is set forth in Green v Santa Fe Indus., 70 NY2d 244 [decided herewith]). After unsuccessful motions for class certification in the Green litigation (Green v Santa Fe Indus., 391 F Supp 849 [SD NY 1975] , affd in part and revd in part 533 F2d 1283 [2d Cir 1976] , revd 430 US 462 [1977], on remand Green v Santa Fe Indus., 562 F2d 4 [2d Cir 1977], 82 FRD 688 [SD NY 1979], 88 FRD 575 [SD NY 1980], 576 F Supp 269 [SD NY 1983], affd mem 742 F2d 1434 [2d Cir], cert denied 469 US 917 [1984]), and after their motion to intervene was denied (CV 82-7298 [SD NY]), plaintiffs brought a diversity action in Federal District Court on November 29, 1982, alleging that the conduct of Santa Fe constituted fraud under the Martin Act (General Business Law § 352-c), and alleging a breach of fiduciary duty under Delaware law. Taking into account the tolling of the Statute of Limitations between September 10, 1974, when the Greens commenced their action, and June 7, 1979, when class action status was denied, this action was begun more than three years but less than six years after the effective date of the merger.
The District Court held that the breach of fiduciary duty claim was governed by the three-year limitation (CPLR 214 [4]) and, therefore, time barred. It held that the Martin Act claim was governed by the six-year limitation (CPLR 213 [1]) and timely. (Loengard v Santa Fe Indus., 573 F Supp 1355 [SD NY]). Subsequently, the District Court found that no Martin Act claim was stated (Loengard v Santa Fe Indus., 639 F Supp 673 [SD NY]), and dismissed the complaint.
On Loengard’s appeal, the United States Court of Appeals for the Second Circuit certified to us the following questions:
"1. Where defendant fiduciaries in a Delaware short-form 'cash-out’ merger unilaterally fix a value of and pay to minority stockholders $150 per share, where the defendants are collaterally estopped from challenging the determination in Bell v. Kirby Lumber Corp., 413 A.2d 137 (Del. 1980) that the asset value was $456 per share, and the fair value of the shares was $254.40 per share, and where material acts were done in New York State in furtherance of the merger, was actionable fraud committed under New York’s Martin Act (N.Y. Gen. Bus. Law § 352-c)?”
*266 "2. Whether New York State’s six-year statute of limitations . (N.Y. Civ. Prac. Law § 213 (1) or (2)) governs a claim for unjust enrichment from a breach of fiduciary obligation, arising out of a freeze-out merger transaction where the majority fiduciary forcibly purchases the minority’s shares at a unilaterally determined and substantially undervalued price without prior notice?”
We answer the first certified question in the negative. The question is determined by our holding in CPC Intl. v McKesson Corp. (70 NY2d 268 [decided herewith]) that no private cause of action is implied for violations of the anti-fraud provisions of the Martin Act (see, Green v Santa Fe Indus., 70 NY2d 244, supra).
We answer the second certified question in the affirmative. We have held that the choice of the applicable Statute of Limitations depends on the substantive remedy which the plaintiff seeks (see, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389, 394-395; Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 672; 1 Weinstein-KornMiller, NY Civ Prac j[ 213.01). Here, the nature of the relief sought is equitable. A claim based on a breach of the fiduciary obligation owed by the majority shareholders to the minority in forcing the minority to sell their shares in a freeze-out merger at a substantially undervalued price is essentially equitable in nature (see, Green v Santa Fe Indus., 70 NY2d 244, 259, supra; Rabkin v Hunt Chem. Corp., 498 A2d 1099, 1104-1108 [Del 1985]; Weinberger v UOP, Inc., 457 A2d 701, 714 [Del 1983]; Cole v National Cash Credit Assn., 18 Del Ch 47, 156 A 183, 187 [1931]; see generally,. 3 Fletcher, Cyclopedia Corporations § 852 [perm ed]). At the root of such a claim is the contention that the defendant, by taking advantage of its majority status, has unfairly placed the minority in the position of having to choose between two options — accepting the offer or resorting to statutory appraisal — neither of which it wants (see, Cole v National Cash Credit Assn., supra, 156 A, at 187-188). In the ordinary case of a freeze-out merger conducted in accordance with the statute, the statutory right of appraisal is, in the absence of a showing of fraud or blatant overreaching, the minority’s exclusive remedy (see, e.g., Green v Santa Fe Indus., 576 F Supp 269, affd 742 F2d 1434, cert denied 469 US 917, supra; Stauffer v Standard Brands, 41 Del Ch 7, 187 A2d 78 [1962]). In the exceptional case, where upon a showing of fraud, misrepresentation or self-dealing the appraisal remedy is held not to be adequate (see, e.g., Rabkin v *267 Hunt Chem. Corp., supra; Weinberger v UOP, Inc., supra, at 714), the minority may seek relief from a court of equity.* We note that the relief demanded in the complaint here — the restoration of the minority to their status as full stockholders, or, alternatively, a determination of the fair value of their shares and an order directing defendants to pay that value for them — is equitable in nature and that a legal remedy would not be adequate.
Thus, we conclude that the claim based on the breach of fiduciary duty described in the second certified question is an equitable claim governed by the six-year Statute of Limitations (CPLR 213 [1]; see, Scheuer v Scheuer, 308 NY 447; Augustine v Szwed, 77 AD2d 298 [Simons, J.]; Dolmetta v Uintah Natl. Corp., 712 F2d 15 [2d Cir]; 1 Weinstein-KornMiller, NY Civ Prac If 213.01, at 2-129; Siegel, NY Prac § 36 [1978]).
Chief Judge Wachtler and Judges Simons, Alexander, Titone and Bellacosa concur; Judge Kaye taking no part.
Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this court pursuant to section 500.17 (22 NYCRR 500.17) of the Rules of Practice of the New York State Court of Appeals, and after hearing arguments by counsel for the parties and consideration of the briefs and record submitted, certified question No. 1 answered in the negative and certified question No. 2 answered in the affirmative.

 The Delaware Supreme Court in Weinberger v UOP, Inc. (457 A2d 701, 714) expressly noted the availability of equitable relief when the appraisal remedy is inadequate stating: "While a plaintifFs monetary remedy ordinarily should be confined to the more liberalized appraisal proceeding herein established, we do not intend any limitation on the historic powers of the Chancellor to grant such other relief as the facts of a particular case may dictate. The appraisal remedy we approve may not be adequate in certain cases, particularly where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved. Cole v National Cash Credit Association, Del. Ch., 156 A 183, 187 (1931). Under such circumstances, the Chancellor’s powers are complete to fashion any form of equitable and monetary relief as may be appropriate, including rescissory damages.”