OPINION OF THE COURT
Ira B. Harkavy, J.
"What’s in a name? That which we call a rose
"By any other name would smell as sweet”
(William Shakespeare, Romeo & Juliet, II, ii, 43).
*596 Plaintiff moves by oral motion during the trial of this matter to dismiss defendants’ first affirmative defense and first counterclaim on the ground that the court does not have jurisdiction over the subject matter of the defense and cause of action.
The within action was commenced by plaintiff to recover a deficiency amount in defendants’ brokerage account. Defendants’ first affirmative defense and first counterclaim set forth a defense and claim for churning.[1]
Plaintiff maintains that a claim for churning is exclusively within the jurisdiction of the Federal courts under the Securities Exchange Act of 1934 § 10 (b) (15 USC § 78j [b]) and that defendants may not bring their claim and defense of churning under the guise of the New York statute equivalent to section 10 (b), the Martin Act (General Business Law § 352-c).
Defendants allege that the court maintains jurisdiction of the counterclaim under General Business Law § 339-a and under common-law rules for breach of contract.
General Business Law § 339-a makes it illegal to make false representations with respect to the value of securities: "Any person, who, with intent to deceive, makes, issues or publishes, or causes to be made, issued or published, any statement or advertisement as to the value or as to facts affecting the value of the stocks, bonds or other evidences of debt of a corporation, company or association, or as to the financial condition or facts affecting the financial condition of any corporation, company or association which has issued, is issuing or is about to issue stocks, bonds or other evidences of debt, and who knows, or has reasonable ground to believe that any material representation, prediction or promise made in such statement or advertisement is false, is guilty of a misdemeanor.”
While violation of this section may result in criminal sanctions, it does not give rise to a private cause of action. Additionally, General Business Law § 339-a and General Business Law § 352-c should be read and construed together. (In re Investors Funding Corp. v Dansker, 523 F Supp 533 [SD NY 1980].) Further, Barnes v Peat, Marwick, Mitchell & Co. (42 *597 AD2d 15 [1st Dept 1973]), upon which defendants rely for the proposition that a private right of action exists under General Business Law § 339-a, was specifically overruled by the Appellate Division in CPC Intl. v McKesson Corp. (120 AD2d 221 [1st Dept 1986]), which decision was affirmed by the Court of Appeals in CPC Intl. v McKesson Corp. (70 NY2d 268 [1987]). General Business Law § 352-c (1) reads in relevant part:
"1. It shall be illegal and prohibited for any person, partnership, corporation, company, trust or association, or any agent or employee thereof, to use or employ any of the following acts or practices:
"(a) Any fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale;
"(b) Any promise or representation as to the future which is beyond reasonable expectation or unwarranted by existing circumstances;
"(c) Any representation or statement which is false, where the person who made such representation or statement: (i) knew the truth; or (ii) with reasonable effort could have known the truth; or (iii) made no reasonable effort to ascertain the truth; or (iv) did not have knowledge concerning the representation or statement made * * * to induce or promote the * * * sale * * * of any securities.
Violation of the Martin Act may also result in criminal sanctions but does not confer a private cause of action. The Court of Appeals in CPC Intl. v McKesson Corp. (70 NY2d 268, 276 [1987], supra) has ruled specifically on this point. "Under the Martin Act * * * no private action has been expressly authorized. A majority of this court now holds that there is no cause of action impliedly created under section 352-c.” (See also, Green v Santa Fe Indus., 70 NY2d 244 [1987]; Loengard v Santa Fe Indus., 70 NY2d 262 [1987].)
The Court of Appeals also looked to the legislative intent underlying the Martin Act: "The majority of this court holds that an implied private action is not consistent with the legislative scheme underlying the Martin Act and, specifically, section 352-c; that the specific purpose of the statute was to create a statutory mechanism in which the Attorney-General would have broad regulatory and remedial powers to prevent fraudulent securities practices by investigating and intervening at the first indication of possible securities fraud on the public and, thereafter, if appropriate, to commence civil or criminal prosecution; and that consistency of purpose with the *598 statute includes consistency with this enforcement mechanism (see, General Business Law §§ 352, 353, 353-a, 354, 358; Kaufman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law art 23-A, at 19-20).” (CPC Intl. v McKesson Corp., 70 NY2d 268, 276-277, supra.)
We now turn to defendants’ second argument. Defendants allege, "[w]hile it is true that the Federal Courts have exclusive jurisdiction of direct claims under the 1934 act, this rule does not apply to counterclaims.” Defendants cite the following cases: Gregory-Massari, Inc. v Purkitt (1 Cal App 3d 968, 82 Cal Rptr 210 [1969]), Johnson, Lane, Space, Smith & Co. v Lenny (129 Ga App 55, 198 SE2d 923 [1973]), Michigan Natl. Bank v Dunbar (91 Mich App 385, 283 NW2d 747 [1979]), Rahel & Co. v Roper (186 Neb 34, 180 NW2d 682 [1970]), Birenbaum v Bache & Co. (555 SW2d 513 [Tex Civ App 1977]), all of which are outside of this jurisdiction and therefore not binding upon this court.
CCA 208, which is binding upon this court, confers the jurisdiction of counterclaims upon the Civil Court. It reads, in relevant part,
"The court shall have jurisdiction of counterclaims as follows:
"(a) Of any counterclaim the subject matter of which would be within the jurisdiction of the court if sued upon separately.”
Further, CPLR 3019 (d) states, in relevant part, "A cause of action contained in a counterclaim * * * shall be treated, as far as practicable, as if it were contained in a complaint”.[2]
Based upon the foregoing, both of defendants’ arguments must fall. Firstly, there is no private cause of action for churning under the Martin Act. The Federal courts maintain exclusive jurisdiction. Secondly, pursuant to CCA 208 and CPLR 3019, defendants’ counterclaim must be treated as a claim. Consequently, this court does not maintain jurisdiction over defendants’ first affirmative defense and first counterclaim.
Accordingly, defendants’ first affirmative defense and first counterclaim are dismissed, without prejudice to defendants commencing a proper action in the Federal courts if the action is not time barred by the Statute of Limitations.

. "The 'churning’ of a securities account occurs when a dealer, acting in his own interest and against those of his customer, induces transactions in the customer’s account which are excessive in size and frequency in light of the character of the account.” (Note, Churning by Securities Dealers, 80 Harv L Rev 869 [1967].)

. "A counterclaim is a claim the defendant interposes against the plaintiff.” (Siegel, NY Prac § 224.)