**Joseph P. LASALA, as assignee of Conextant, Inc., f/k/a Globespan, Inc, Plaintiffs,**

v.

**E\*TRADE SECURITIES LLC, Defendant.**

**No. 05 Civ. 5869(SAS).**

United States District Court, S.D. New York.

Feb. 27, 2006.

---

Frederick Taylor Isquith, Daniel W. Krasner, Alexander H. Schmidt, Wolf Haldenstein Adler Freeman & Herz LLP, New York City, Melvyn I. Weiss, Milberg Weiss Bershad & Schulman LLP, New York City, Stanley Bernstein, Bernstein Liebhard & Lifshitz, LLP, New York City, for Plaintiff.

Douglas P. Lobel, Arnold & Porter LLP, McLean, VA, James D. Mangiafico, Arnold & Porter LLP, New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

The above-captioned litigation is one of 114 separate actions ("LaSala Actions") arising from the pending partial settlement of 310 securities class actions collectively known as *In re Initial Public Offering Securities Litigation* (the "IPO Litigation"), coordinated in this Court for pretrial proceedings.[1] I assume familiarity with my four prior Opinions concerning the LaSala Actions.[2] As part of this settlement, which is awaiting final approval from this Court, the settling issuer defendants ("Issuers") have agreed to assign their interest in excess compensation claims ("Assigned Claims") against the underwriter defendants ("Underwriters") to a Litigation Trust, to be created upon final approval of the settlement and to be represented by plaintiffs' counsel.[3]

However, the lengthy process of approving class-action settlements means that the assignment of claims from the Issuers to

---

**1.** Familiarity with the IPO Litigation is assumed. For a detailed discussion of the allegations, *see In re Initial Public Offering Sec. Litig.*, 241 F.Supp.2d 281, 298–321 (S.D.N.Y. 2003).

**2.** *See generally LaSala (assignee of Fatbrain) v. Needham & Co.*, 399 F.Supp.2d 421 (S.D.N.Y. 2005) (*"LaSala I"*) (granting stay requested by LaSala); *LaSala (assignee of Fatbrain) v. Needham & Co.*, 399 F.Supp.2d 466 (S.D.N.Y. 2005) (*"LaSala II"*) (granting motion to dismiss without prejudice for failure to state a claim on which relief can be granted); *LaSala (assignee of Conextant) v. E\*Trade Secs. LLC,*

05 Civ. 5869, 2005 WL 2848853 (S.D.N.Y. Oct. 31, 2005) (*"E\*Trade"*) (granting motion to dismiss in above-captioned litigation without prejudice, when plaintiff conceded that allegations were essentially identical to those dismissed in *LaSala II*); *LaSala (assignee of Fatbrain) v. Needham & Co.*, 04 Civ. 9237, 2006 WL 452024, \*4–8 (S.D.N.Y. Feb. 24, 2006) (*"LaSala III"*) (granting motion to dismiss amended complaint with prejudice).

**3.** *See LaSala III*, 2006 WL 452024, \*1 (citation omitted)

the plaintiffs is premature.[4] In the meantime, to prevent the expiration of the statute of limitations against the Underwriters who did not enter tolling agreements with regard to the Assigned Claims,[5] plaintiff Joseph LaSala has filed over a hundred separate Actions in this court. Each is the result of a conditional assignment from a different Issuer, and each action names as defendants one or more of the non-tolling Underwriters. And every LaSala Action *except* this one is governed by a stipulation among the relevant parties, establishing that the resolution of *LaSala (assignee of Fatbrain) v. Needham & Co.*, 04 Civ. 9237 (*"Fatbrain"*) controls the resolution of other LaSala Actions presenting essentially identical facts.[6]

Although both parties mostly adopt positions taken in *Fatbrain*,[7] this action differs from the other LaSala Actions in two respects. *First*, the underwriting agreement between defendant E*TRADE Securities LLC ("E*TRADE") and issuer-assignor Globespan (now known as Conextant) contained a forum selection clause, designating the state or federal courts located in San Francisco, California as the proper forum for resolution of disputes arising out of the underwriting agreement.[8] *Second*, E*TRADE challenges the basis for diversity jurisdiction over this action, asserting that LaSala has failed to adequately allege that the $75,000 amount-in-controversy threshold is met.[9]

■ But I need not reach either of these issues, because as the parties acknowledge, the reasoning of my Opinion in *Fatbrain* applies equally here and compels the same result—dismissal with prejudice.[10] *First*, the conditional assignment from Conextant to LaSala was far too limited to confer on LaSala the concrete personal interest necessary for Article III standing.[11] *Second*, even if LaSala has

---

4. *See id.* at 2006 WL 452024, *1.

5. All but a handful of the Underwriters entered such agreements. The exceptions are J.P. Morgan Securities, Inc., Needham & Company, Inc., Morgan Stanley, Allen & Company, Inc., E*TRADE Securities, and Prudential Equity Group, LLC.

6. *See LaSala III,* *1–2 (citation omitted).

7. *See* Defendant E*TRADE Securities LLC's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("Def.Mem.") at 2–3 (expressly adopting the *Fatbrain* defendants' arguments asserting that LaSala: lacks Article III standing, is not the real party in interest, colluded with the assignor to create diversity jurisdiction, and fails to state a claim upon which relief can be granted); *see also* Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint And in Support of Plaintiff's Cross–Motion for Consolidation ("Pl.Mem.") at 1–2 ("For most of its arguments in support of dismissal, E*TRADE incorporates and relies on the points made by

[the defendants in the parallel *Fatbrain* action]. Plaintiff, accordingly, hereby incorporates and relies on his brief submitted in that case to address each of those arguments.").

8. *See E*Trade,* 2005 WL 2848853, at *3 (citation omitted).

9. *See* Def. Mem. at 4–7. In dismissing LaSala's complaint without prejudice, I noted that E*TRADE had raised a "serious question" as to whether the jurisdictional amount can be met, and held that LaSala's amended complaint must "establish a reasonable probability that he can meet the required jurisdictional amount." *E*Trade,* 2005 WL 2848853, at *4–5 (citation omitted).

10. *See supra* note 7.

11. *See LaSala III,* at *4–5; *see also id.* at *5 ("LaSala cannot be said to have ownership or control of Fatbrain's claims in any sense; the conditional assignment strictly limits LaSala's ability to prosecute 'his' claims—he cannot negotiate a settlement, move for summary judgment, or participate in a trial.").

Article III standing, all four of his claims fail as a matter of law.[12]

■ In particular, LaSala's new claim of breach of fiduciary duty, requesting "equitable restitution" and a constructive trust,[13] fails primarily because an issuer's damages resulting from an underwriter's breach of fiduciary duty in this context are fully compensable with money damages.[14] Under New York law, actions seeking the legal remedy of money damages for a breach of fiduciary duty are governed by a three-year statute of limitations, not the six-year period applicable to actions seeking equitable remedies.[15] As this action was commenced almost six years after the Globespan IPO, LaSala's assignor Conextant has already "had and let pass an adequate alternative remedy at law" for E*TRADE's alleged breach of fiduciary duty, and thus an equitable claim for a constructive trust and restitution to recover for the same injury cannot now proceed.[16]

For the foregoing reasons, defendant's motion to dismiss is granted with prejudice, plaintiff's cross-motion for consolidation is denied as moot, and the stay of this action entered on October 31, 2005 is hereby lifted. The Clerk is directed to close the pending motions [numbers 21 and 26 on the docket sheet] and this case.

SO ORDERED.

12. I have already dismissed LaSala's first three claims, for breach of contract, unjust enrichment, and breach of fiduciary duty. *See E*Trade*, 2005 WL 2848853, at *4 (citing *LaSala II*, 399 F.Supp.2d at 472–75). By his own admission, LaSala's Amended Complaint repleads these claims solely to preserve them for a possible appeal. *See* 10/25/05 Letter from Alexander H. Schmidt, counsel for LaSala, to the Court at 1 (so stating with regard to identical allegations in *Fatbrain* Amended Complaint).

13. Amended Complaint ¶¶ 35–39.

14. *See LaSala III*, at *7–8.

15. *See, e.g., Bouley v. Bouley*, 19 A.D.3d 1049, 797 N.Y.S.2d 221, 223 (4th Dep't 2005) (citing *Loengard v. Santa Fe Indus., Inc.*, 70 N.Y.2d 262, 266, 519 N.Y.S.2d 801, 514 N.E.2d 113 (1987)).

16. *Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281, 1287 (2d Cir.1986).