■ STATE OF NEW YORK, Respondent, v DANNY'S FRANCHISE SYSTEMS, INC., et al., Appellants.—In an action, *inter alia,* to enjoin a violation of the provisions of the Franchise Sales Act (General Business Law art 33), the defendants appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered October 7, 1986, which denied their respective motions to dismiss the complaint on the ground that the action is barred by the Statute of Limitations.

Ordered that the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

The Attorney-General commenced the instant action on or about January 13, 1986. The complaint alleges that the defendants engaged in numerous instances of misconduct which were in violation of the Franchise Sales Act (General Business Law § 680 *et seq.)* and the regulations promulgated thereunder (13 NYCRR part 200). There is no dispute that the acts complained of occurred more than 3 and less than 6 years prior to the commencement of the action.

The defendants moved to dismiss the complaint, contending that the action was barred by the three-year Statute of Limitations for actions to "recover upon a liability, penalty or forfeiture created or imposed by statute" (CPLR 214 [2]). The Attorney-General argued that the action is governed by the six-year Statute of Limitations for actions based on fraud (CPLR 213 [8]). The Supreme Court, Westchester County, held that the six-year Statute of Limitations applied. We agree.

CPLR 214 (2) only governs liabilities which would not exist but for a statute *(Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169; *State of New York v Cortelle Corp.,* 38 NY2d 83). Furthermore, it does not apply to liabilities existing at common law which have been recognized or implemented by statute *(State of New York v Cortelle Corp., supra).*

In *State of New York v Cortelle Corp. (supra)* the Court of Appeals considered whether an action by the Attorney-General pursuant to Business Corporation Law § 1101 and Executive Law § 63 was barred by the three-year Statute of Limitations. The court held that it was not barred, because those statutes "did not 'make' unlawful the alleged fraudulent practices, but only provided standing in the Attorney-General to seek redress and additional remedies for recognized wrongs

which pre-existed the statutes" *(State of New York v Cortelle Corp., supra,* at 85).

In *Loengard v Santa Fe Indus.* (573 F Supp 1355), the United States District Court for the Southern District of New York, dealt directly with whether the Martin Act (General Business Law § 352 *et seq.)* was governed by the three-year Statute of Limitations provided in CPLR 214 (2). The court, in inferring what this State's highest court would rule to be its law, cited *Cortelle Corp. (supra)* and found that "the evident basis for plaintiffs' first claim is fraud. Fraud existed at common law and is not a liability created by statute; a six-year statute of limitations therefore should be applied to the Martin Act claims" *(Loengard v Santa Fe Indus., supra,* at 1359).

The Franchise Sales Act (General Business Law art 33) establishes a comprehensive plan of presale disclosure (by means of a registered prospectus) and postsale redress of franchise sales fraud designed to protect the investing public *(see, e.g.,* Kaufmann, Practice Commentary, McKinney's Cons Laws of NY, Book 19, General Business Law art 33). Furthermore, the act, by its very terms, invokes and enlarges the common-law standards of liability *(see,* General Business Law § 681 [10]; § 687). Moreover, it was patterned after and parallels the Martin Act in scope, remedial purpose and imposition of penalties and therefore should be construed in conformity with the parallel provisions of the Martin Act *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 222). Thus, the six-year Statute of Limitations should be applied to actions brought by the Attorney-General to enforce the provisions of the Franchise Sales Act.

Finally, it should be noted that the act specifically contains a three-year Statute of Limitations for private actions (General Business Law § 691). The act is otherwise silent with regard to time limitations. Therefore, it may be fairly inferred that the Legislature did not intend to subject the Attorney-General, in representing the People of the State, to the period provided in CPLR 214 (2) *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 240). Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.