OPINION OF THE COURT
Bernard L. Reagan, J.
The court has before it a motion by defendants to dismiss plaintiffs’ complaint pursuant to CPLR 3211 (a) (5).
Plaintiff Irvin M. Franklin is the president of plaintiff Fantastic Enterprises, Inc. Plaintiffs entered into three agree *125 ments with defendant S.M.R. Enterprises, Inc. (hereinafter SMR) on May 23, 1984. The agreements provided that plaintiffs would be franchisees for three "Fantastic Sam’s” haircut-ting salons. On February 1, 1985 plaintiffs entered into a fourth franchising agreement, for another "Fantastic Sam’s” store. The fourth franchise was obtained not from SMR, but rather from DIR Corporation (DIR) which plaintiffs allege was acting as a regional subfranchisor. Plaintiffs allege that SMR at some point in time changed its name to Fantastic Sam’s International, Inc. (FSI). Plaintiffs allege that defendant Sam Ross was a principal of SMR and is a principal of FSI, and that defendant Steven Rifkin is a principal of DIR and was an employee of SMR.
Plaintiffs’ complaint contains four causes of action. The first cause of action alleges defendants committed fraud, fraudulent practices, deceit, and engaged in fraudulent and unlawful practices, all as defined by the Franchise Sales Act (General Business Law § 680 et seq.). Plaintiffs contend that the offering prospectus for the franchises contained materially false, untrue, and misleading statements; was not provided within the time limits required by General Business Law § 683 (8); and failed to disclose, in violation of General Business Law § 683 (2) (e) (1) that Sam Ross also known as Herbert Dyskant also known as Herbert Dyskaut had been convicted of a felony. Plaintiffs contend that the prospectus failed to provide disclosure required by the Franchise Sales Act, that defendants required plaintiffs to sign documents purporting to relieve defendants from duties mandated by the Franchise Sales Act, that defendants failed to notify the State’s Department of Law of misrepresentations and omissions in the franchise disclosure documents and failed to amend said documents when the misrepresentations were made known to it, if they were not known at the time they were made.
Plaintiffs also make assertions of other false representations on the part of defendants which ostensibly were made to induce plaintiffs into purchasing the franchises. Plaintiffs allege that defendants engaged in a continuing scheme to defraud through the hiding of Ross’ alleged criminal record, the charging of increasingly exorbitant franchise fees and other practices which were intended to cause the franchisee to default in its performance of the agreement.
The plaintiffs’ second cause of action realleges the first, it then asserts that the violations of the Franchise Sales Act were willful and/or material, and that because of this the *126 franchise agreements are subject to rescission pursuant to General Business Law § 691 (1).
The plaintiffs’ third cause of action realleges the first two causes and seeks damages by reason of defendants’ fraud, fraudulent inducement, conspiracy and scheme to defraud. In their responding papers to this motion plaintiffs assert that the third cause of action is for common-law fraud and point to General Business Law § 691 (5) which states in part that: "Nothing in this article shall limit a liability which may exist by virtue of any other statute or under common law if this article were not in effect.”
The plaintiffs’ fourth cause of action realleges the first three causes and then alleges that SMR and DIR breached the franchise agreements.
The plaintiffs commenced this action by service of a summons with notice on or about March 22, 1988. Defendants argue that plaintiffs are barred from pursuing this action based upon the Statute of Limitations having expired. Defendants assert that each cause of action in the complaint is grounded on disclosure, or the lack thereof, pursuant to the Franchise Sales Act,o that the complaint refers to violations of the Franchise Sales Act on numerous occasions.
General Business Law § 691 (4) provides for a three-year Statute of Limitations triggered by "the act or transaction constituting the violation” of section 683, 684 or 687 of the Franchise Sales Act, which plaintiffs allege defendants violated. Defendants posit that the act or transaction complained of was the sale of the franchises, and the documentation provided pursuant to law needed to consummate the sale. Defendants argue that the conduct alleged as violative of the statute could have occurred no later than the dates the franchise agreements were executed, on May 23, 1984 and February 1, 1985. Therefore, defendants conclude, the commencement of the action in March 1988, over three years after February 1, 1985, was not timely, and the complaint should be dismissed.
In opposition to this motion plaintiffs argue that their third cause of action is for common-law fraud, and that their fourth cause of action is for defendants’ breach of the franchise agreements. Both a contract action and a common-law fraud action have a six-year Statute of Limitations (CPLR 213); and General Business Law § 691 (5) provides that "Nothing in this article shall limit a liability which may exist by virtue of any *127 other statute or under common law if this article were not in effect.” Plaintiffs assert that their third and fourth causes of action are governed by the Statute of Limitations found in CPLR 213, not that of General Business Law § 691 (4).
Regarding the first two causes of action, plaintiffs contend that the violations of the General Business Law which are alleged (fraudulent practices, fraud, deceit, fraudulent and unlawful practices as defined in section 681) are not limited to acts committed by the franchisor prior to the sale of the franchise. Instead, plaintiff argues, the statute imposes continuing obligations, the violation of which in this case existed until the time the action was commenced. Plaintiffs contend that defendants engaged in ongoing deception and concealment and that the prospectus defendants filed contained an omission of material fact up until the time this action was commenced. In particular, plaintiffs argue that in March 1984, Herbert Dyskant also known as Herbert Dyskaut changed his name to Sam, Ross. Plaintiffs contend that Ross, under his "old” name, was convicted of larceny in 1954. This was not disclosed in the prospectus, and would be a violation of General Business Law § 683 (2) (e) (1). Plaintiffs assert that even if defendants were unaware of this violation at the time of the original prospectus they had a continuing duty, which they failed in, to file an amended document at a later time based upon a material change or an omission, pursuant to General Business Law § 683 (9) (a) and § 687 (1).
There is a paucity of reported cases dealing with the Franchise Sales Act, only one in particular focuses on the Statute of Limitations governing actions brought pursuant to the Act. State of New York v Danny’s Franchise Sys. (131 AD2d 746) addressed the time frame applicable to actions brought by the Attorney-General under the Act. In Danny’s the defendants moved to dismiss, asserting that the Attorney-General’s action was barred by the three-year Statute of Limitations for action to "recover upon a liability, penalty or forfeiture imposed by statute” (CPLR 214 [2]). The Attorney-General argued that the action was governed by the six-year Statute of Limitations for fraud actions (CPLR 213 [8]).
The Appellate Division, Second Department, held that the six-year Statute of Limitations applied to Franchise Sales Act actions brought by the Attorney-General. The Appellate Division noted that CPLR 214 (2) only governs liabilities which would not exist but for a statute, and that it does not apply to liabilities existing at common law which have been recognized *128 or implemented by statute (citing State of New York v Cortelle Corp., 38 NY2d 83).
The Franchise Sales Act is designed to protect the investing public from fraud, it both invokes and enlarges the common-law standards of liability (State of New York v Danny’s Franchise Sys., supra). In Danny’s the Appellate Division looked to State of New York v Cortelle Corp. (supra), and Loengard v Santa Fe Indus. (573 F Supp 1355). In all three cases the court found that the basis for plaintiffs claim was fraud, and as fraud existed at common law and is not a liability created by statute a six-year Statute of Limitations should be applied. However, all three cases, Danny’s, Cortelle Corp. and Loengard, may be distinguished from the present action. Cortelle Corp. dealt with the Statute of Limitations applicable to section 1101 (a) (2) of the Business Corporation Law and section 63 (12) of the Executive Law, while Loengard dealt with the Martin Act (General Business Law §§ 339-a, 352-c). In Cortelle Corp. the Court of Appeals found that the alleged fraudulent acts of the defendants were actionable wrongs prior to the enactment of the statutes, and that the causes of action did not depend upon the statute, therefore, the three-year Statute of Limitations of CPLR 214 (2) did not apply, instead the residual six-year Statute of Limitations, for an action for which no limitation is specifically prescribed by law (CPLR 213 [1]), was applied. Neither of the substantive statutes considered in Cortelle Corp. provide for a Statute of Limitations period.
In Loengard (supra), the Federal District Court considered the Martin Act, which again provides no Statute of Limitations period. In Danny’s Franchise Sys. (supra), the Second Department was faced with the same statute being considered in the present action, the Franchise Sales Act. In applying a six-year Statute of Limitations for actions brought under the Act by the Attorney-General, the court in Danny’s drew a distinction between those actions and private actions brought under the Act. The court noted that the Act specifically contains a three-year Statute of Limitations for private actions (General Business Law § 691 [4]), but is otherwise silent regarding time limitations. From this the court inferred that the Legislature did not intend to subject the Attorney-General to a three-year limitation (State of New York v Danny’s Franchise Sys., supra, at 747). The Second Department then followed the logic presented in Cortelle Corp. (supra) and Loengard (supra).
*129 The present action, however, is brought by a private party who specifically complains of violations of the Franchise Sales Act. This action falls squarely into the parameters subject to the Act’s express three-year Statute of Limitations, at least for plaintiffs’ first two causes of action. A three-year Statute of Limitations should be applied in this action. The issue then becomes: what triggers the running of the Statute of Limitations? Defendants allege that it is the execution of the franchise agreements. Plaintiffs contend that the General Business Law imposes a continuing obligation on the franchisors, the violation of which continued until the commencement of the action. To follow plaintiffs’ argument to its logical end point, one would conclude that the Statute of Limitations never began to run in this case, let alone expire.
A franchise agreement is a type of contract. Among plaintiffs’ claims are that they were induced to enter into a contract by conduct delineated as fraudulent pursuant to the General Business Law. It is well settled that a cause of action for damages arises immediately upon the commission of the fraud where one is induced to enter into a contract by fraud (60 NY Jur 2d, Fraud and Deceit, § 187). Plaintiffs allege that violations of the Franchise Sales Act occurred in the original prospectus filed by defendants, and that said violations induced them to enter into the franchise agreements. Assuming for the moment that plaintiffs’ allegations are true, their right to relief accrued at the time they executed the agreements. Misrepresentations or omissions had been made, according to plaintiffs, and plaintiffs had relied on such and were induced to act to their injury. Upon the entering into of the franchise agreement the plaintiffs’ right to relief accrued and the three-year Statute of Limitations was triggered. It should also be noted that no "date of discovery” rule is provided for in General Business Law § 691 (4), unlike that set forth in CPLR 213 (8) for common-law fraud actions.
The court finds that the plaintiffs’ first and second causes of action, brought pursuant to article 33 of the General Business Law, are time barred; to find otherwise would serve to emasculate the Statute of Limitations specifically provided for in article 33 by the Legislature. Accordingly, defendants’ motion to dismiss plaintiffs’ complaint is granted as to the first and second causes of action.
However, the third and fourth causes of action brought by plaintiffs sound in common-law fraud and breach of contract. *130 The third and fourth causes of action, therefore, are governed by the six-year Statute of Limitations provided by CPLR 213. As such, the third and fourth causes of action were brought in a timely fashion. Defendants contend that all of plaintiffs’ causes of action are grounded in alleged violations of the Franchise Sales Act, pointing out that the complaint refers to such violations on numerous occasions, and for that reason the three-year Statute of Limitations contained in the Franchise Sales Act should apply to all of the causes of action.
o
The third and fourth causes of action include allegations beyond the breadth of the Franchise Sales Act. While it is true that in realleging the first two causes of action the third and fourth causes of action evoke provisions of the Franchise Sales Act, the court must look to the essence of plaintiffs’ claim and not to the form in which it is pleaded in applying a Statute of Limitations (State of New York v Cortelle Corp., 38 NY2d 83, supra). There is some overlapping between the statute and the common law. The Franchise Sales Act invokes and enlarges the common-law standards of liability (State of New York v Danny’s Franchise Sys., 131 AD2d 746, supra). However, the Act explicitly states that it does not limit any liabilities which exist under common law (General Business Law § 691 [5]).
The essence of the third and fourth causes of action are common-law fraud and breach of contract. The action was timely commenced as to these causes of action. Accordingly, defendants’ motion to dismiss plaintiffs’ complaint is denied as to the third and fourth causes of action.
Defendants have made an alternative argument that this action should not be heard by this court, but rather should be resolved by arbitration. Paragraph 13 of each of the franchising agreements provides that "any controversy or claim arising out of or relating to this agreement or with regard to its interpretation or breach, shall be settled by arbitration”. Plaintiffs argue that this matter should be heard by a court rather than an arbitrator because of public policy considerations involved in the Franchise Sales Act; and because certain defendants in this action (Sam Ross, Steven Rifkin, and SMR which assigned its interests to DIR) are not parties to the franchise agreements and cannot be parties in an arbitration proceeding, therefore, plaintiffs argue complete discovery and full relief may only be obtained by this action.
The court has before it a motion to dismiss plaintiffs’ *131 complaint. An agreement to arbitrate is not a defense to an action (De Sapio v Kohlmeyer, 35 NY2d 402). Thus, it may not be the basis for a motion to dismiss (Allied Bldg. Inspectors Intl. Union of Operating Engrs. v Office of Labor Relations, 45 NY2d 735).
In summary, defendants’ motion to dismiss plaintiffs’ complaint pursuant to CPLR 3211 (a) (5) is granted as to plaintiffs’ first and second causes of action, and denied as to plaintiffs’ third and fourth causes of action.