■ ERWIN PROTTER et al., Respondents, v NATHAN'S FAMOUS SYSTEMS, INC., et al., Appellants. [667 NYS2d 301] —In an action, *inter alia,* to recover damages for violations of General Business Law article 33 and for fraud, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered February 6, 1997, as denied that branch of their motion which was to dismiss the second cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion to dismiss the second cause of action is granted, and the complaint is dismissed in its entirety.

The claims of the plaintiff franchisee alleging fraud and violation of General Business Law article 33, commonly referred to as the New York State Franchise Sales Act (hereinafter the Franchise Act), are time barred pursuant to a provision of the parties' franchise agreement. This provision indicates that "[a]ny and all claims and actions arising out of or relating to the Agreement, the relationship of Franchisee and Franchisor, or Franchisee's operation of the franchised business * * * shall be commenced within one (1) year from the occurrence of the facts giving rise to such claim or action". Absent proof that the contract is one of adhesion, or is the product of overreaching, or that the altered period is unreasonably short, the abbreviated period of limitation is valid and en-

forceable (*see, Sapinkopf v Cunard S. S. Co.,* 254 NY 111; *Planet Constr. Corp. v Board of Educ.,* 7 NY2d 381; *Krohn v Felix Indus.,* 226 AD2d 506; *Timberline Elec. Supply Corp. v Insurance Co.,* 72 AD2d 905). The rule allowing parties to voluntarily contract to shorten the applicable Statute of Limitations is applicable to franchise agreements (*see, H.P.S. Capitol v Mobil Oil Corp.,* 186 AD2d 98).

The Supreme Court found that the period of time set forth in the franchise agreement was unreasonably short, and would allow for a claim to accrue and expire before the execution of the agreement. This was error. The agreement indicates that the claim accrues at such time as all of the facts establishing the alleged fraud, which necessarily include detrimental reliance, may be established. This can be no earlier than the time of the execution of the agreement (*cf., Fantastic Enters. v S.M.R. Enters.,* 143 Misc 2d 124, 129). The franchisee's remaining contentions with regard to enforcement of the limitations provision of the agreement are without merit.

In light of our determination, we need not address the defendants' remaining contentions. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.